VANCE, *et al.*, *v.* GAYLOR, *et al.*

In a proceeding by *certiorari* from the circuit court to the county court, unless error appears on the face of the record, the circuit court must affirm.

In a proceeding in the county court to contest an election, the notice is the foundation of the action, and serves the double purpose of writ and declaration.

The county court has no jurisdiction over the subject of a contested election for the office of county judge and school commissioner.

The contest for each office is distinct and separate, between different parties, forming separate and distinct causes of action, and can not be united in one notice, and made a joint action upon which one trial and judgment can be rendered.

*Appeal from Conway Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

MOORE, for the appellants.

The "notice in writing," required by the statute to be served on the opposite party, in contested election cases, amounts in effect to a declaration and writ; and if defective in substance as a declaration, or in its service as a writ, must be fatal to the party relying on it. The service in this case was clearly defective.

CLARK, WILLIAMS & MARTIN, also for appellants.

The notice was not sufficient to bind the parties to appear before the county court, and therefore, the judgment of that court was illegal, and the circuit court erred in not quashing the proceedings.

The proceedings in the county court were unwarranted, because, when an election for several of the offices specified in the statute shall be contested, each contest is a separate and independent case, and there can not be a joint action embracing several in the same notice; and because the notice in this case embraced two offices (those of county judge and school commissioner), over which the county court had no jurisdiction whatever in a proceeding of this kind.

WALKER, C. J.

The appellants presented their petition to the judge of the

circuit court of Conway county, praying that a writ of certiorari be granted them to correct certain errors therein alleged to have been made, by the county court of Conway county, in the decision and judgment of that court, in the case of a contest for several county offices, at an election lately held in that county, in which it was assumed that certificates of election had been awarded to the appellants, when in fact, by a proper canvass of the lawful votes of said county, the appellees had received a majority of the votes cast, and were entitled to the offices claimed by them respectively. In accordance with the prayer of the petition, a writ of certiorari was awarded, and in obedience to the writ, the records of the county court were brought before the circuit court for its consideration.

At the return term of the writ, the defendants appeared, and moved the court to quash the writ of certiorari for several reasons, which, taken together, were intended to question the sufficiency of the grounds set forth in the petition; that is, that the records of the county court showed no such error as could be inquired into in a proceeding by certiorari. The circuit court sustained the motion to quash the writ, and affirmed the judgment of the county court, from which judgment the appellants have appealed.

It is contended for the appellants:

1st. That there was no sufficient written notice given them by the contestants, as required by statute.

2d. That, as to part of the appellants, the county court had no jurisdiction of the matter, or authority in law to hear and determine upon the respective rights of the contestants.

3d. That several parties, having distinct and separate rights and causes of action, are improperly united in the same process and judgment.

In proceedings of this kind, the error complained of must appear upon the face of the record; and unless it thus appears, it was the duty of the circuit court to affirm it; because, unless in particular cases, as held in *Carnall v. Crawford County, 11 Ark., 613*, the common law practice in such cases will prevail,

under which the court should affirm the judgment, unless there is apparent error upon the face of the record. *Couch, ex parte, 14 Ark., 338; Lindsay v. Lindley, 20 Ark., 573.*

It appears, from the county court record, that a county judge, a sheriff, a clerk, a county treasurer, and a school commissioner gave a joint notice to the several candidates for these several offices, and to whom certificates of election had been awarded, that, for causes set forth in said notice, each of them would contest before the county court of Conway county their right to the office claimed by them respectively.

The appellants appeared before the county court and moved the court to dismiss the proceeding for the reason that no sufficient notice had been given them, which motion the court overruled, and, after having heard evidence for the claimants, decided and held that the contestants (the appellees in this case) were duly elected, and rendered judgment in their favor, accordingly, except as regards the office of sheriff.

The question as to whether the finding of the court was or not upon sufficient evidence, is not raised under this proceeding. We can know nothing of the facts upon which that court made its decision.

In a proceeding of this kind, the notice is the foundation of the action, and serves the double purpose of writ and declaration—that is, it brings the party before the court and contains the allegations to be tried and determined.

The first question presented for our consideration is: Had the county court power to review and set aside the decision of the traversers appointed under the law to ascertain the result of the election? It is provided by statute that, when the election of any clerk, sheriff, coroner, county surveyor, county treasurer, or justice of the peace, shall be contested, it shall be before the county court, upon notice, &c. *Dig., sec. 90, page 478.* No provision is made under that section for the trial of a contested election of a county judge, or of a school commissioner; nor under any other statute. It would seem, from the dates of the several acts, that, at the time that was passed, pro-

viding for the trial of contested elections, the office of county judge was not filled by the popular vote, and the act for the election of school commissioners had not been passed. It is evident, therefore, that the county court had no jurisdiction over the subject of the contested election of these two offices, and the judgment of the county court, as to them, was void.

Upon the remaining question, the sufficiency of the notice, there can be no doubt that the contest for each office was distinct and separate, between different parties, forming separate and distinct causes of action, and could not properly be united in one notice, and made a joint action, upon which one trial and judgment could be rendered. This is a palpable error, apparent upon the face of the record, upon which no valid judgment could be rendered.

Such being the case, the circuit court should have quashed the proceedings upon said notice, and the judgment rendered thereon.

Judgment reversed.