30  487
61  296

## FILES VS. ROBINSON & CO.

1. JUDGMENT. *Before the clerk in vacation.*

   The case of *Smith* v. *Egner*, 28 Ark., 475, holding that there was no act in force authorizing the clerk to enter judgments in vacation on failure of the defendant to answer, re-affirmed.

2. STATUTES. *When they went into effect under the Constitution of 1868.*

   Under the provisions of section 22, art. 5, of the Constitution of 1868, an act of the Legislature did not take effect until ninety days after the expiration of the session at which it was passed, unless it was otherwise provided in the act.

3. ———. *Construction.*

   A statute authorizing a clerk to enter judgment in vacation, on failure of the defendant to answer, is a summary proceeding, out of the ordinary course of the common law, and must be strictly construed and closely followed.

APPEAL from *Ashley* Circuit Court.

Before W. J. WHITE, Clerk of the Circuit Court.

*A. W. Files* for appellant.

The act of March 27, 1871, was unconstitutional and void. Const. of 1836, art. 6, sec. 3; of 1864, art. 7, sec. 3; of 1868, art. 7, sec. 5; Code, ch. 2, sec. 18. There must be service of summons returnable to court and a day for trial.

A note payable at a particular time and place must be then and there prosecuted before action will lie.    Smith's Mercantile Law, p. 275.

J. M. *Moore,* for appellee.

Cited acts of 1871, p. 227.    The act of the clerk was ministerial, and the judgment results by operation of law.    *Picket* v. *Thruston,* 7 Ark., 397 ; *Rearden ex parte,* 9 id., 450 ; *Ruddell* v. *McGruder,* 11 id., 578 ; *Biscoe* v. *Sandefur,* 14 ib., 584; *Brown* v. *Clark,* 4 How. (U. S.) 4— ; *Russell* v. *Gayer,* 4 Am. Rep., 384 ; Freeman on Judgments, secs. 129, 513 and 15 ; *Wallace* v. *Eldridge,* 27 Cal., 496 ; *Kelly* v. *Van Austen,* 17 ib., 564.    Analogous to judgment against party on supersedeas.    4 Wheaton, 240.

No demand at the place was necessary.    4 Ark., 592.

ENGLISH, CH. J.:

On the 10th June, 1873, J. M. Robinson & Co. filed a complaint in the office of the clerk of Ashley Circuit Court, against Files, Norris & Co., on a note for $3145.52, dated Louisville, Kentucky, May 27, 1872, due four months after date, negotiable and payable with current rate of exchange at the Merchants' Bank of Kentucky.

Upon the filing of the complaint and bond for costs, the clerk issued the following paper:

" State of Arkansas, county of Ashley.    The State of Arkansas to Abner W. Files, William O. Files and Joseph W. Norris, under the style of Files, Norris & Co., defendants:    You are required to file in this office within twenty days, exclusive of the day of service, your answer to the complaint of John M. Robinson, Obadiah T. Sutfeld and Joseph Knowles, partners under the style of J. M. Robinson & Co., against you, for the sum of thirty-one hundred and forty-five dollars and fifty-two cents.    In testimony whereof, I have hereunto set my hand and seal of office, this 10th day of June, 1873.    W. J. White, clerk.

" *Note*—The plaintiff will take judgment for said sum if you fail to answer said complaint within twenty days after service of this summons. W. J. White, clerk."

On the above paper was endorsed: " I executed this summons by delivering to the defendant W. O. Files and A. W. Files a copy of the original. June 13th, 1873. Not served on J. W. Norris. M. H. Dean, sheriff."

The clerk made the following entry (after stating the names of the parties, plaintiffs and defendants) :

" Come the plaintiffs by their attorney, and file with the clerk the summons issued herein, whereby it appears, from the return of the sheriff endorsed thereon, that he executed the same by delivering to the defendants A. W. Files and W. O. Files copies of the original, and not served on J. W. Norris, June 13th, 1873, which was twenty days before this date. It also appearing that the defendants, A. W. Files and W. O. Files, have failed to answer the complaint of plaintiffs herein filed, and it appearing to the clerk that this action is founded on a contract for the payment of money only; it is, therefore, considered by the clerk that the plaintiffs have and recover of and from the defendants A. W. Files and W. O. Files the sum of thirty-one hundred and forty-five 52-100 dollars, the money mentioned in the plaintiffs' complaint, and the further sum of one hundred and thirty-six and 54-100 dollars damages for the detention of said sum of money, in plaintiffs' complaint specified, the same being for interest at the rate of six per cent, etc., and for costs, etc., and have execution thereof," etc.

Upon this judgment the clerk issued an execution, which was levied upon lands, and the defendant A. W. Files obtained an appeal from the clerk of this court.

The counsel for the appellant submits that the rendering of a judgment is a judicial act, and the clerk of the Circuit Court being a ministerial officer only, could not render a valid judgment.

The counsel for the appellees insists that on the failure of the defendants below to answer the complaint on the day fixed in the notice, the law gave the judgment, and the clerk merely entered it as a ministerial officer.

This is a grave constitutional question, but we will first inquire whether there was any statute in force at the time this judgment was entered, authorizing the clerk to enter a judgment in vacation, and, if so, whether its provisions have been followed in this case.   The Code, as originally adopted, contained the following provisions:   "A civil action is commenced by filing in the office of the clerk of the proper court a complaint, and causing a summons to be issued thereon."   Title 4, ch. 1, sec. 58.

" The summons shall be directed to the sheriff of the county, and command him to summon the defendant, or defendants, named therein, to answer the complaint filed by the plaintiff, giving his name, at the time stated therein, under the penalty of the complaint being taken for confessed, or of the defendant being proceeded against for contempt of court on his failure to do so.   The summons shall be dated upon the day it is issued, and signed by the clerk."   Ib., sec. 59.

" In actions by proceedings at law, the time fixed in the summons for the defendant to answer shall be the day the summons is returnable ; in actions by equitable proceedings it shall be twenty days after the service of the summons."   Ib., sec. 62.

" The summons shall be made returnable the first day of the next term of the court, unless the term begins within ten days from the date of the summons, when it shall be returnable the first day of the term following."   Ib., sec. 64.

Section 126 provides that the defense in an action at law must be filed on the day of the term on which the case is set for trial ; when the summons has been served ten days before the commencement of the term, in the county in which the action is

brought, or in an adjoining county, or twenty days elsewhere in the State, etc., etc. And section 411 provides how an account is to be taken, or damages assessed by the court or jury, on failure to answer. But there is no provision in the Code, (as originally adopted,) requiring an answer to be filed, in an action at law, in vacation, or authorizing the clerk to enter judgment on failure to answer.

In the act of March 27th, 1871, amending the Code of Practice, is a section as follows: "Section 62 (of Code). When defendant must answer. In actions by proceedings at law, the time fixed in the summons for defendant to answer, shall be the day the summons is returnable; in actions by equitable proceedings, it shall be twenty days after the summons: *Provided,.* That in all actions arising on contract for the recovery of money only, the summons shall be directed to the defendant, and shall require him to answer the complaint and file his answer in the office of the clerk of the proper court, within twenty days after the service of the summons, exclusive of the day of service. The clerk shall also insert in the summons a notice in substance as follows: That the plaintiff will take judgment for a sum specified therein, if the defendant fails to answer the complaint in twenty days after the service of the summons." Acts of 1871, p. 227.

By another section of the same act, amending section 126 of the Code, it is provided: "That in all actions arising on contracts for the recovery of money only, the answer shall be filed in the office of the clerk of the proper court, within twenty days after the service of the summons, exclusive of the day of service." Ib., p. 230.

And by a further section of the same act, amending section 411 of the Code, it is provided: "That in actions arising for the recovery of money only, when the defendant fails to answer

the complaint, judgment may be had in vacation as follows: The plaintiff may file with the clerk proof of personal service of the summons, on one or more of the defendants, etc., etc. If no answer shall have been filed with the clerk he shall thereupon enter judgment for the amount mentioned in the summons, against the defendant, or against one or more of several defendants, in the following cases:

*First*—"If the action be against defendants, jointly indebted upon contract, judgment may be entered against all the defendants thus jointly indebted, but so far only as that it may be enforced against the joint property of all, and the separate property of the defendant served.

*Second*—"If the action be against defendants severally liable, he may proceed against the defendant served, in the same manner as if they were the only defendants.

*Third*—"If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendants, if the action had been against them, or any of them alone.

"But if the complaint be not sworn to, and such action is on an instrument for the payment of money only, the clerk, on its production to him, shall assess the amount due to the plaintiff therein ; and in other cases shall ascertain the amount which the plaintiff is entitled to recover in such action, from his examination under oath, or other proof, and enter judgment for the amount so assessed or ascertained," etc. Ib. p. 240.

In a section of the act of April 27th, 1873, amending section 411 of the Code, it is provided: "That in actions arising on contract for the recovery of money only, where the defendant fails to answer the complaint, judgment may be had in vacation as follows: The plaintiff may file with the clerk, proof of personal service of the summons, on one or more of the defendants.

If no answer shall have been filed with the clerk, he shall thereupon enter judgment for the amount mentioned in the summons, against the defendant or defendants, or against one or more of several defendants, in the following cases:" (Acts of 1873, p. 220.)

Here the section stops short, and there is no following provision of the act specifying in what cases the clerk may enter judgment.

In *Smith et al.* v. *Egner*, 28 Ark., 475, this court held that the above section of the act of 1873, was incomplete and inoperative, and that by the first section of the act, the section of the act of 27th March, 1871, amending section 411 of the Code was repealed, and hence there was no act in force authorizing clerks to enter judgments in vacation on failure of a defendant to answer. Hence Mr. Gantt left out of his Digest the provisions of the act of March 27th, 1871, authorizing clerks to enter such judgments. See Digest, p. 804, notes.

But in the act of April 27th, 1873, there is no provision declaring when it shall take effect, hence it was not in force, under section 22, article 5 of Constitution of 1868, until ninety days from the expiration of the session of which it was passed.

The clerk entered the judgment in this case on the 3rd July, which was before the act of 27th of April, 1873, went into effect, and hence the provisions of the act of March 27th 1871, above referred to, were then unrepealed.

If a clerk could be constitutionally empowered to enter a judgment, on failure to answer, were the provisions of the Code, as amended by the act of 27th March, 1871, so followed in this case as to make the judgment regular, or to warrant the clerk in entering it?

The paper issued by the clerk in this case as a summons, is wanting in several features to make a good writ. It does not

state the court in which the suit was brought, (*Smith et al.* v. *Egner, Sup.*) nor the place where the court was held (*Womsley* v. *Cummins*, 1 Ark., 125.) The defendants were required to file their answer "in this office," but what office that was, or where located, does not appear on the face of the paper. The person who issued the paper styles himself "Clerk," but of what Court is not stated. He set his "seal of office" to the instrument, but of what office does not appear; nor is the paper made returnable to any court, or at any time. (*Jones* v. *Austin*, 16 Ark., 336).

Whether regarded as a summons or a mere notice, the paper in question was very defective.

Though our system of amendments is very liberal (*Mitchell* v. *Conley*, 13 Ark., 414,) the clerk could not have amended the summons, had the plaintiff moved to amend, nor could he have quashed the summons if the defendants had filed a motion to quash. Both the power to amend and to quash was in the court, and not in the clerk. It is a judicial power involving discretion.

This was a summary proceeding, out of the course of the common law, authorized by a statute of doubtful constitutionality, at least, and no liberal construction, or intendments are to be indulged in order to uphold the summons or judgment entered by the Clerk, on default, in vacation.

*Wallace* v. *Eldridge*, 27 Cal., 497, was an appeal from a judgment entered by a clerk, in vacation, on default, under a statute of California. The notes declared on were payable in dollars, but the Clerk entered the judgment for gold and silver coin. The court said: "The plaintiff was entitled to have a judgment entered for the amount due on the notes. The statute pronounces the judgment of the law, arising upon the facts stated in the complaint in an action upon a contract for the recovery of money, in case the defendant makes default; and that judgment is that the plaintiff recover of the defendant the amount specified in the summons and costs. The clerk adjudges nothing,

can grant no relief, he is merely the hand that enters the judgment of the law." In the language of Mr. Chief Justice Field, " the clerk in entering judgments upon default, acts in a mere ministerial capacity; he exercises no judicial functions. The statute authorizes the judgment, and the clerk is only an agent by whom it is written out and placed among the records of the court. He must therefore conform strictly to the provisions of the statute, or his proceedings will be without any binding force." (*Kelly* v. *VanAustin*, 17 Cal., 564.) The facts stated in the complaint do not show that the money mentioned in the contracts sued on was made payable in a specified kind of money or currency, and therefore, it was not the judgment of the law that the plaintiff recover the amount in any specified kind of money, and for that reason that portion of the entry of the clerk, specifying the kind of money in which the judgment was to be paid is void."

The case was remanded, with directions to the court below to amend the judgment.

If the clerk had listened to the admonitions of the law, which is said in the old books to be the perfection of reason, he would hardly have entered up a judgment on so lame a summons as he had manufactured in this case.

An appeal from such a judgment is a novelty in this State, but if the Legislature had the constitutional power to authorize the clerk to enter judgment in vacation, on failure to answer, the defendant could not be deprived of a constitutional right to have any error committed by the clerk reviewed on appeal or writ of error. A default is not a waiver of errors like a confession of judgment.

Under the Code practice, when the defendant is served with a defective summons he must move to quash, or, if judgment be rendered on default, to ask the court to set it aside before he appeals or takes a writ of error. This seems to be the general rule.

But an application to the clerk in this case by the appellant to quash the summons, or set aside the judgment, would have been unavailing, for he had the power to do neither. If it be said that the appellant should have waited until the court met, and moved to set aside the judgment before appealing, it may be answered that the clerk might issue an execution immediately on entering the judgment, and the defendant's property might be sold before the meeting of the court.

The statute authorizing clerks to enter judgments on default in vacation, having, as decided by this court, been repealed and passed from the statute book, we do not deem it necessary in this case to give any opinion as to its constitutionality, which is a question on which much might be said *pro* and *con.*

The judgment entered by the clerk in this case must be reversed, set aside, annulled and held for naught, and the cause remanded to the Circuit Court of Ashley county for such proceedings before the court as the plaintiffs may think proper to take in their complaint.