## AVEN *v.* WILSON.

### Opinion delivered November 23, 1895.

NEW TRIAL—COUNTY COURT has power to grant a new trial in an election contest.

CERTIORARI—CURING IRREGULARITY.—Certiorari will not lie to quash an order of the county court granting a new trial in a case in which it has, such power, though the power was irregularly exercised.

Appeal from St. Francis Circuit Court.

GRANT GREEN, JR., Judge.

*N. W. Norton* for appellant.

1. The county court had jurisdiction to grant the new trial. This power is granted by the code. Sand. & H. Dig. sec. 5600. See also *Ib.* sec. 5839. Courts have control of their judgments during the term. 27 Ark. 295. The cases of 44 N. W. 892 and 24 Cal. 452, are based on the question of notice, and the peculiar statute of California. In the latter case also *the term had expired.*

2. If the county court had the power to grant the new trial, then the cause stood in court for trial, and there was no final judgment reviewable either by appeal or by certiorari. 11 Atl. 317; 33 Pac. 387. Certiorari does not lie to correct mere errors. 52 Ark. 213; 55 *id.* 205. It only lies to correct erroneous proceedings where the right of appeal *did not exist* or was *unavoidably lost.* 12 S. W. 559. Nor does it lie to review interlocutory orders. 3 Am. & Eng. Enc. Law, 64; 27 S. W. 379. Certiorari cannot be made a substitute for an appeal. 13 S. E. 681; 24 Pac. 721; Const. 1874, art. 7, sec. 52.

*Sanders & Fink* for appellee.

1. The county court had no power to grant a new trial. The power is not granted to it. When special powers are conferred on a court, they can do nothing not especially authorized by the granting power. Act January 2, 1892; Const. art. 6, sec. 4, Art. 19, sec. 24; 32 Ark. 553. The intention of the act was that such contests should be speedily and *summarily* determined. Sand. & H. Dig. secs. 2698–9; 32 Ark. 556; 41 *id.* 111. Election contests belong to the class of special and summary proceedings, in which the court must look alone to the statute for its authority, and can exercise no powers not expressly granted. Our statutes have no application to special proceeding or election cases. 24 Cal. 449; *id.* 457; 41 Hun, 9; Hayne, New Trials, sec. 6; 2 Thomps. New Tr. sec. 2724; 44 Mo. 141; 60 Ark. 194; 27 S. W. 123; 30 Ark. 487. Where a new right is created, the remedy provided is exclusive. 29 Ark. 173; Sedgw. St. & Const. Law, 343; 2 Thomps. Trials, sec. 2724. When proceedings are special, the provisions of statutes which regulate suits within the ordinary jurisdiction of the courts do not apply. 12 S. W. 841.

2. The court could not grant the new trial except within three days. The statute is mandatory. Sand. & H. Dig. sec. 5841; 6 Neb. 53; 24 *id.* 286; 1 Duv. (Ky.) 387; 83 Ky. 468; 29 Kas. 1; 25 Pac. 853; 79 Mo. 318; 73 *id.* 400; 36 *id.* 400; 92 *id.* 542; 26 S. W. 702; 62 Iowa, 212; 1 Cal. 437; 2 Thomps. Trials, sec. 2736; 49 Ark. 79; 42 *id.* 114; 26 *id.* 282; 52 *id.* 515. Judgments in summary proceedings must show on their face everything necessary to sustain the jurisdiction of the court. 51 Ark. 34; 54 *id.* 627; 59 id. 483; 1 Black Judgm. secs. 279, 280.

3. Certiorari may be used to correct erroneous proceedings, as well as defects or excess of jurisdiction.

Sand. & H. Dig. secs. 1125–6 ; 52 Ark. 213 ; 108 Ill. 137 ; 9 Wend. 61 ; 44 N. W. 892.

4. A judge who did not preside at the trial ought not to be allowed to annul the orders of his predecessor. 6 Ark. 100. The granting a new trial is not an arbitrary exercise of power, but is a duty to be performed for adequate cause. 44 N. W. 864. Courts may perhaps extend the term for motions for new trial, but application should be made within the time the law allows. The court has no power to open a default. 2 Nev. 34 ; 4 *id.* 358 ; 57 Cal. 629.

BATTLE, J. This is a proceeding by certiorari to set aside an order of the St. Francis county court granting a new trial in a proceeding instituted by John B. Wilson to contest the election of John W. Aven to the office of treasurer of the county of St. Francis.

The proceeding to contest the election was commenced in the St. Francis county court some time in the month of September, 1892 ; and at the October term of the court, on the 25th of October, 1892, Wilson was adjudged to be elected county treasurer, and the certificate issued by the commissioners to Aven, showing that he was elected such treasurer, was cancelled by an order of the county court. After this the court adjourned until the 28th of October, 1892, and on that day again adjourned until the 31st of the same month. In the meantime, the term of the judge who presided on the 25th and 28th of October expired, and C. F. Hinton, his successor, qualified, and entered upon the discharge of the duties of the office. On the 31st of October, the day to which the court adjourned, Aven filed a motion for a new trial, setting out the grounds on which the same was based, and on the same day the order made on the 25th of October was set aside, and a new trial was granted by the court, C. F. Hinton being the judge presiding.

On the hearing of the petition for the writ of certiorari, the circuit court set aside the order of the county court, which was made on the 31st of October, for the following reasons: "1. None of the grounds or statements in said motion of J. W. Aven for a new trial were supported by any evidence. 2. The application for a new trial, and the order made thereon, were made without any notice to Wilson, and without allowing him or his counsel any opportunity to be heard. 3. C. F. Hinton, the county judge who granted the motion and order for a new trial, did not preside in the trial of said contested election, was not present at the trial, and had no legal information concerning it, nor was evidence of any kind introduced to show that the statements or grounds of the motion for a new trial, or any of them, were true."

These findings of facts are not sufficient to sustain the judgment of the circuit court. If the county court had the power to grant the new trial, certiorari did not lie to set aside the order granting it. Did it have the power?

Power of county court to grant new trial.

The Code of Practice in civil cases in this state provides as follows: "Section 23. Probate courts, county and justices' courts shall have jurisdiction as is now, or may hereafter, be conferred upon them respectively by law." "Section 24. Each of said courts shall conform to the provisions of this Code as far as the same is applicable to them, *or to any proceedings of which they have jurisdiction.*" "Section 780. This Code of Practice shall regulate the proceedings in all civil actions and proceedings in the courts of this state, and all laws coming in the purview of its provisions shall be repealed." "Section 796. The provisions of this Code shall apply to and regulate the proceedings of all the courts of this state, though not expressly enumerated, and of all that may hereafter be created."

From these sections it is apparent that the code was intended to regulate the pleading and practice in all the courts of this state, then or thereafter created. Among its provisions is the following: "A new trial is a re-examination in the same court of an issue of fact, after a verdict by a jury or a decision by the court. The former verdict or decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following *causes*, affecting materially the substantial rights of such party:

"*First.* Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion by which the party was prevented from having a fair trial.

"*Second.* Misconduct of the jury or prevailing party.

"*Third.* Accident or surprise which ordinary prudence could not have guarded against.

"*Fourth.* Excessive damages, appearing to have been given under the influence of passion or prejudice.

"*Fifth.* Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract for the injury or detention of property.

"*Sixth.* The verdict or decision is not sustained by sufficient evidence, or is contrary to law.

"*Seventh.* Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

"*Eighth.* Error of law occurring at the trial, and excepted to by the party making the application." Code, sec. 371.

After repeatedly saying that it shall regulate the pleadings and practice in all courts in this state, the Code undertakes to say wherein it shall not govern the proceedings in such courts. Sec. 806–836. Among

these exceptions is section 817, which says: "A new
trial or rehearing may be granted in courts of justices
of the peace, upon motion made within ten days after a
judgment or final order has been made or rendered, of
which motion notice shall be given to the opposite
party." And this appears to be the only section of the
Code which provides that the regulation of the practice
in respect to motions for new trials by preceding sec-
tions shall not, as a whole, govern any court. From
this we infer that all courts of original jurisdiction were
vested with the power to grant new trials in the cases
authorized by the Code.

The code expressly provides that the county courts
of this state shall conform to it, so far as the same is
applicable to them, "*or to any proceedings of which
they have jurisdiction.*" Its object in allowing new
trials, as shown by the causes for which they may be
granted, is to secure a fair trial; to protect against
"accidents or surprise which ordinary prudence could
not have guarded against;" to correct errors which
materially affect the substantial rights of parties; to
prevent a failure of justice; and to protect the rights
of all parties concerned. That county courts should be
enabled, so far as practicable, to accomplish these objects
there is no room for question. Many of these causes,
abuses, evils or errors, for which a new trial is allowed
for the purpose of correcting or remedying, may occur
in them. As they may, so much of the Code as provides
the remedy for their correction is unquestionably ap-
plicable to that court. It is true, they may be corrected
by an appeal to the circuit court. But that does not
render the remedy for their correction in the court in
which they occur inapplicable to the county court. The
terms of that court are more numerous than those of
the circuit, and for that reason they may be more
promptly corrected in the former court. The remedy

by a new trial may be more expeditious and less expensive than an appeal to the latter court, and for that reason, and because it is an appropriate remedy, should be allowed in the county court.

Appellee contends that the power to grant new trials should not be extended to contests of elections, because the legislature has "prescribed in express terms the manner in which a contest over the fairness and result of an election should be conducted, and conferred upon the county court special powers, distinct from and independent of its constitutional jurisdiction, to be exercised in the summary way pointed out by the statute." This contention is based on sections 2697, 2698 and 2699 of Sandel's & Hill's Digest. But these sections do not provide a complete remedy for such contests. The proceedings prescribed by them are incomplete. For instance, section 2697 provides that the contests of the elections of the county treasurer, and of other officers named, shall be before the county court, and the person contesting "shall give the opposite party notice in writing ten days before the term of the court at which such election shall be contested." But it does not say by whom and in what manner the notice shall be served; and it says "the parties shall be allowed process for witnesses," but does not say by whom and in what manner the process shall be served, or how the witnesses shall be compelled to attend. And section 2698 says that "either party may, on giving notice thereof to the other, take depositions to be read in evidence on the trial," but does not provide by whom and in what manner they shall be taken. In none of the contests provided by these statutes is there anything said about an appeal, notwithstanding the constitution of the state ordains that "in all cases of contest for any county, township or municipal office, an appeal shall lie at the instance of the party aggrieved, from any inferior board,

council or tribunal, to the circuit court, on the same terms and conditions on which appeals may be granted to the circuit court in other cases, and on such appeals the case shall be tried *de novo*." These omissions clearly show that the statutes relied on were never intended to prescribe the only proceeding that shall be followed in contests for elections, but left other statutes consistent with them, and appropriate to govern in such cases.

In contests of elections the same object is to be gained, and the same purposes are to be subserved, by a new trial as in other cases in the county court. It is true that, in election as in all other cases, the parties "ought to obtain a speedy trial, conformably to the laws;" but in no case should the forms of law be made subservient to the purposes of injustice.

Practice as to certiorari. In the motion filed by Aven in the county court he stated, among other things, that on the 24th of October, 1892, the day when the contest of his election by Wilson was heard, he "was unable to attend court by reason of his bodily infirmities, and that, while he was so disabled,   *   *   *   the attorneys to whom he had entrusted his defence in his cause were likewise unable to attend the court by reason of sickness and other unavoidable circumstances, all of which was properly brought to the knowledge of the court by proper motion ; yet, notwithstanding these facts thus known to the court, the hearing of this cause was proceeded with, which contestee says was an abuse of the power and the discretion of the court;   *   *   *   that he was legally elected to the office of county treasurer, and that, if given an opportunity, he can establish his right and title to said office." Upon this statement, which was sworn to, the motion was granted. In this the appellee says the court erred, because the motion was not filed within three days after the hearing ; that no notice was given

to the contestant of the filing; and the presiding judge, not having heard the contest, granted the motion without evidence of its contents. But this can avail nothing in this proceeding. If the county court had the jurisdiction to grant the new trial, as it did, and the statement of appellee as to the time of the filing of the motion, the failure to give notice, and the granting of it without evidence, be true, and the action of the court in that respect be irregular or illegal, it merely committed an error, and certiorari did not lie to correct it. If appellee had been aggrieved by the final judgment in the case, his remedy was by appeal. *Gibson* v. *Superior Court*, 24 Pac. (Cal.) 721; *State* v. *City of Duluth*, 60 N. W. (Minn.) 546.

The judgment of the circuit court is reversed, and the petition is dismissed.

WOOD AND HUGHES, JJ., dissent.

WOOD, J. (dissenting.) The provisions of the code are not applicable to the election contest proceedings mentioned in sec. 2697 of Sand. & H. Dig. In the absence of statutory proceedings, the remedy for contesting an election is by an information in the nature of quo warranto. Paine on Elections, 856; *People* v. *Stevens*, 5 Hill, 616; *Gass* v. *State*, 34 Ind. 425; *People* v. *Matteson*, 17 Ill. 167; *Wheat* v. *Smith*, 50 Ark. 266; McCrary on Elections, sec. 346. Our constitution has required the legislature to designate the tribunal having jurisdiction of election contests of the kind under consideration. The legislature has named the county court as the proper tribunal. They might just as well have created a board, council, or any other tribunal for the purpose. Art. 7, sec. 52, and art. 19, sec. 24, const. Ark. The only jurisdiction conferred upon county courts by the constitution is over matters

"that may be necessary to the internal improvement and local concerns of the respective counties. Const. art. 7, sec. 28. So, the county court in determining an election contest is exercising a jurisdiction not conferred by the constitution, and not according to the course of the common law. The proceedings are summary, and the statute conferring such jurisdiction must be strictly construed and pursued. *Files* v. *Robinson*, 30 Ark. 487; Sedg. on Const. Stat. & Con. secs. 299–302; Endlich on Int. of Stat. sec. 158; *Wilson* v. *Fussell*, 60 Ark. 194. Had the legislature simply conferred upon the county courts jurisdiction to determine such contests, without prescribing any method of procedure, then these courts would have had the power to adopt their own rules and methods for the disposition of such cases; and they might have adopted such Code provisions as they deemed applicable, or any other rules of practice, taking care, of course, not to violate fundamental principles. *Boring* v. *Griffith*, 1 Heisk. 456. But, the legislature having prescribed a method of procedure amply sufficient for the determination of such cases in a summary way, the courts must look alone to the special statute conferring the jurisdiction and prescribing the procedure.

It is contended, however, that there is no complete Code, and that therefore the general Code provisions should apply. An examination of the constitution and the election contest statute will discover that this contention is not well founded. Sec. 2697, Sand. & H. Dig., provides for notice in writing to the opposite party, specifying when it shall be given, and what it shall contain; which notice serves the double purpose of a writ and declaration, as held in *Vance* v. *Gaylor*, 25 Ark. 32, and *Swepston* v. *Barton*, 39 *id.* 549. It also provides for process for witnesses. True, it does not specify who shall serve the notice and process, nor in what manner it shall be served, nor how the witnesses may be

compelled to attend. But the fact that the legislature
required the notice to be given, and specified that it
should be in writing, and what it should contain, and
when it should be given, without mentioning *how it
should be served*, indicates clearly that no set formulæ
or fixed rules were to be observed in this latter partic-
ular. In other words, the legislature intended that if
the notice mentioned was given at the time required,
and served in any other manner than that prescribed by
the Code, it would meet the requirements of the law,
and be just as good as if served in the way pointed out
by the Code. When the legislature provided that the
parties "shall be allowed *process* for witnesses," it
was unnecessary for them to go further, and prescribe
who should serve it, and the manner in which it should
be served, and how the attendance of the witnesses
should be compelled. Nor is their failure to mention
these things specifically in the act any indication that
they intended the general code provisions to apply to
election contest proceedings. "Process" is a term of
broad, but of definite legal, import, and its meaning was
well understood long before the Code had an existence.
It comprehends all mandates of the court issued to its
officer, "commanding him to perform certain services
within his official cognizance;" and embraces every writ
that "may be necessary to institute, or to carry on an
action or suit, and to execute the judgment of the
court." Am. & Eng. Enc. Law, 222, 224 ; Anderson's
Law Dict.; Bouvier's Law Dict., *subverbo*, "Process;" 3
Bouvier's Inst. 187.

Again, section 2698, Sand. & H. Dig. provides for
taking depositions "on notice thereof to be read in evi-
dence on the trial." But it is not specified when, where,
and how, they shall be taken, and this omission is also
urged as a reason why the general Code provisions
should apply to these proceedings. "Deposition" like

"process" is a legal term, the meaning of which was well fixed before the Code, and is as follows: "The testimony of a witness given or taken down in writing under oath or affirmation, before a commissioner, examiner, or other judicial officer, in answer to interrogatories and cross-interrogatories, and usually subscribed by the witness." Weeks Law of Dep. 3. The statute provides for notice to the other party, and the use of the term "deposition" carried with it all that was necessary to get the evidence desired before the court. The legislature never expressed more, doubtless for the very reason that they did not intend that the general Code provisions in reference to the taking and use of depositions should apply to election contest cases.

Now, let us see what would be the anomalous result if the Code provision in reference to the use of depositions applied to these cases; for if the provision of the Code in reference to "new trials" applies, the provision in reference to the use of depositions, and all other provisions not inapplicable, must be given their full force and meaning. Then we have section 2698, Sand. & H. Digest, of the contested election statute, providing that "either party may, on giving notice thereof to the other, take depositions to be read in evidence on the trial," and section 2978, Sand. & H. Digest (of the Code) providing "that depositions may be used on the trial of all issues in any action in the following cases: 'First, where the witness does not reside in the county where the action is pending, or in an adjoining county, or is absent from the state,' etc. * * * * * 'Fourth, where the witness resides thirty or more miles from the place where the court sits in which the action is pending, unless the witness is in attendance on the court.'"

The statute (secs. 2702, 2704 Sand. & H. Dig.) expressly designates an election contest suit as an "action," and it is so called in *Gaylor* v. *Vance*, 25 Ark.

32, and *Swepston* v. *Barton*, 39 *id.* 549. There is no repugnance between sec. 2698 of the contested election statute and 2978, Sand. & H. (of the Code.) Then, construing them together, as we must do if the Code applies to contest cases, we have : "Either party may, on giving notice thereof to the other, take depositions to be read in evidence on the trial" (sec. 2698, Sand. & H. Dig.), to be used "where the witness does not reside in the county where the action is pending, or in an adjoining county, or is absent from the state," * * * or "where the witness resides thirty or more miles from the place where the court sits in which the action is pending, unless the witness is in attendance upon the court. (Sec. 2987, Sand. & H. Dig.) So, the curious, but inevitable, result to follow, if the code provisions apply to contest cases, is to exclude the evidence of all persons living in the county under thirty miles, etc., unless it can be said that the evidence at the trial may be taken *ore tenus*. But, by expressing that depositions might be taken to be read at the trial, the legislature evidently intended to exclude other methods of taking evidence.

Sections 2702-3-4, Sand. & H. Dig., provide for the costs "in the action." Article 7, sec. 52, of the constitution provides for an appeal on the "same terms and conditions on which appeals may be granted to the circuit court in other cases, and that on such appeals the case shall be tried *de novo*." This section of the constitution expressly makes all the provisions of the law with reference to appeals to the circuit court in other cases applicable to election contest cases. Ample provision, therefore, is made for appeals in election contest cases. This art. 7, sec. 52, of the constitution, and secs. 2697 to 2704 of Sand. & H. Dig, inclusive, we hold, constitute a complete code for the determination of election contest cases of the character therein mentioned in the

*summary way* required. It will be observed that no provision is anywhere made for a re-examination of the issues of fact by new trial.

The supreme court of California, under a statute similar to ours (and, in my judgment, no more complete than ours), in a special case to contest an election, said: "The proceedings authorized by article 6 of the act to regulate elections are special and summary, and no remedy can be had under the provisions of that article, except such as is therein expressly or by necessary implication provided. A *new trial* is not authorized by the provisions of the article in question, and the remedy of a party who is dissatisfied with the judgment of the county court is by appeal only." *Casgrave* v. *Howland*, 24 Cal. 457; *Dorsey* v. *Barry*, *Ib.* 449. In the latter case it is said, speaking of election contest proceedings: "We regard them in every sense as special proceedings and subject to the well settled rule that, in adjudicating upon them, the tribunal exercising jurisdiction must resort to the statute alone to ascertain its powers and mode of procedure." This doctrine accords exactly with our views. We have not been able to find any case to the contrary. None is cited in the brief of counsel, or in the opinion of the court, and we apprehend none can be found. See, also, *Carpenter's Case*, 14 Penn. St. 486.

In *Wise* v. *Martin*, 36 Ark. 305, this court said: "In a suit of this character, he (contestant) was not entitled to a trial by jury. It was a summary proceeding under the statute to be tried by the court." and in *Govan* v. *Jackson*, 32 Ark. 553 it said: "The law has made no provision for juries in the county court." *

*   *   "The requirement that it" (election contest case) "shall be determined in a summary way is that it shall be tried without a jury. Yet we have a general Code provision as follows: 'All other issues of fact, whether arising in proceedings at law or equitable pro-

ceedings, shall be tried by the court, subject to its power to order any issue or issues to be tried by jury.'" Sec. 5795, Sand. & H. Dig. Could the county court, under this section of the Code, order an issue of fact in an election contest case to be tried by a jury? I think not, and for the reason that the special statute on election contests does not provide for it. But if the Code provisions apply, the above section shows that the court would have that power.

Our conclusion is that section 5600, Sand. & H. Dig., providing "that the Code of Practice in civil cases shall regulate the procedure in all civil actions and proceedings in all the courts of this state," etc., had reference only to those actions and proceedings where the court was pursuing the jurisdiction conferred by the constitution, or exercising its jurisdiction according to the course of the common law. *Odell* v. *Wharton,* 27 S. W. 123.

In *Patton* v. *Coates,* 41 Ark. 111, this court said: "It is evident that in this peculiar class of cases the public has an interest in their speedy settlement, and that the object of the contest would be defeated by delay irremediably." But if the court has the power to grant a new trial for some mistake of law or fact one time, it would have the power to do so a second and third time, and to what extent might not these contest proceedings, under such a power, be prolonged? It serves a wise public policy, which we think the legislature had in view, when the county court has once passed upon the issues presented, not to allow it the power to pass upon them again and again by a new trial but to correct the mistakes, if any, by appeal to the circuit court and a trial there *de novo* as provided by the constitution, and, thus, speed the cause on its way to the *final arbiter.*

This is the only remedy for the party aggrieved. Of course, the county court would have the inherent

power, if it should change its opinion as to the facts or the law at any time before the term closed, to set aside its judgment, and have one entered reflecting its last opinion. This, however, upon the facts as they had already been presented, and not upon a reopening of the issues by new trial.

The only question here is the power of the court to grant a new trial. If it has that power, the other irregularities complained of could have been corrected by appeal.

We think the judgment of the circuit court is correct, and should be affirmed.