SCHOOL DISTRICT NO. 14 *v.* SCHOOL DISTRICT NO. 4.

Opinion delivered December 11, 1897.

MANDAMUS—PRACTICE.—A motion for a new trial and a bill of exceptions are necessary to be filed in proceedings for a mandamus, under the same circumstances, and for the same purposes, as in ordinary actions at law. (Page 485.)

APPEAL—RECORD—AGREED STATEMENT.—Where an agreed statement of facts was not made a part of the record by bill of exceptions or order of court, it will not be considered on appeal, though it was referred to . in the judgment. (Page 488.)

SAME—NECESSITY FOR MOTION FOR NEW TRIAL.—The fact that there was an agreed statement of facts does not render it unnecessary to file a motion for a new trial. (Page 488.)

SCHOOL WARRANTS—FORM.—Under the statute directing that school warrants "shall specify the fund on which they are drawn and the use for which the money is assigned" (Sand. & H. Dig., § 7104), an order directing the issue of a school warrant should order the school directors to specify in the warrant the fund out of which it is payable, if there be one, and otherwise that it be paid out of any funds not specifically appropriated. (Page 488.)

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

*Gaughan & Sifford* and *J. Y. Stevens*, for appellant.

The petition should show it to be a fact that there is a special fund in the hands of the county treasurer subject to the warrants of the district. This fund is to be provided in a certain way, and the petition should state that such was the fact. Const. art. 14, § 3; 38 Ark. 371; Gantt's Dig., § 5524; Sand. & H. Dig., § 7104. The writ must show on its face what is claimed, and the facts on which the claim is based. High, Ext. Leg. Rem. 350; Moses, Mandamus, 206, 208; 3 Ark. 351; 54 Ark. 446; Moses, Mandamus, 123; 28 Ark. 294; Moses, Mand. pp. 18, 204; 11 Ark. 425; 1 Ark. 232; Newman, Pleading, pp. 290, 291; High, Extr. Leg. Rem. 350; 53 Am. Dec. 488. Mandamus does not lie to compel an act unauthorized by law. 47 Ark. 80. The writ ought not to be granted when it will be unavailing. High, Extr. Leg. Rem. 352; Moses, Mand. 123; 54 Ark. 446.

BATTLE, J. On the 13th day of March, 1890, School District No. 4 recovered a judgment in the Columbia circuit court against School District No. 14 for the sum of $165.65 and costs. The directors of the latter district refused to draw a warrant on the county treasurer for the amount due on this judgment. On the 16th of August, 1893, the former filed a petition in the Columbia circuit court for a mandamus to com-

pel the directors of the latter to issue a warrant in its favor for the amount of the judgment. On the 12th of September, 1893, the defendant filed its answer, in which, among other things, it alleged "that there are no funds in the hands of the treasurer of Columbia county subject to the payment of plaintiff's claim, belonging to defendant." After this the court directed the clerk to issue an alternative writ of mandamus, commanding defendant's directors "to pay said judgment and costs," or show cause why they should not do so. The writ was accordingly issued, and the directors responded, alleging, in part, as defendant had already done in its answer. The cause was heard upon the complaint of the plaintiff and the answer of the defendant and an agreed statement of facts; and the court made the alternative writ final and perpetual, and ordered the clerk to issue a peremptory writ of mandamus, commanding the directors of School District No. 14 " to make out, sign and deliver to the plaintiff, School District No. 4, the warrant of said district number fourteen, drawn on the treasurer of Columbia county, for the full amount of said judgment and interest up to date, and the costs of the suit."

There was an agreed statement of facts, marked "A," filed. It is stated in the judgment in this proceeding that the cause came "on for hearing on the complaint of the plaintiff and answer of the defendant and agreed statement of facts, marked 'A,' being all the evidence in the case." There was no order of the court making the statement a part of the record; no bill of exceptions nor motion for a new trial was filed.

An appeal was granted, on application, to the defendant by the clerk of this court.

Is it necessary to file a bill of exceptions or a motion for a new trial in a mandamus proceeding for the purpose of enabling the supreme court to review the decision or judgment of the circuit court on appeal, where the judgment was based upon an agreed statement of facts, as in this case?

"Originally," says Mr. High, "the writ of mandamus was purely a prerogative remedy, and to this day it preserves in England some of its prerogative features. It was called a prerogative writ from the fact that it proceeded from the king himself, in his court of king's bench, superintending the police

and preserving the peace of the realm, and it was granted where one was entitled to an office or function, and there was no other remedy."

"At common law," says the same author, "upon a sug-gestion under oath, by the party injured, of his own right, and the denial thereof, the usual · practice was to issue a rule to show cause, directed to the respondent, and requiring him within a certain time to show cause why a writ of mandamus should not issue. If no sufficient cause was shown, the writ itself was then issued, at first in the alternative form, to which the respondent was required to make return by a certain day, unless he choose to perform the act required. If he neither performed the act, nor made return within the time fixed in the alternative writ, the peremptory writ was then issued, com-manding him absolutely to do the act in question; and to this writ no other return was then allowed than a certificate of obedi-ence to the mandate of the court." High's Extr. Legal Remedies, · §§ 3, 500. "But," says Blackstone, "if he * * returns a sufficient cause, although it should be false in fact, the court of king's bench will not try the truth of the fact upon affidavits, but will, for the present, believe him, and proceed no further on the mandamus. But then the party injured may have an action against him for his false return, and (if found to be false by the jury) shall recover damages equivalent to the injuries sustained, together with a preremptory mandamus to the defend-ant to do his duty." (3 Blackstone's Comm. 110). There was no means of reviewing, by appeal, writ of error, or otherwise, a judgment granting or refusing a preremptory writ of mandamus. ·This rule was, however, changed by statute passed by the British parliament.

The Revised Statutes of this state (ch. 92) also made changes in the procedure, and provided: Sec. 3. "When any writ of mandamus shall be issued, and return shall be made thereto, the person prosecuting such writ may demur, plead to, or traverse all the material facts contained in such return, to which the officer, tribunal, person, or body corporate making such return shall reply, take issue, or demur, and such further proceedings shall be had therein, and in such manner for the determination thereof, as might have been had, if the person

suing out such writ had brought his action on the case for a false return. Sec. 4. If an issue shall be joined upon such proceedings, the same shall be tried by a jury, but if neither party should require a jury, then by the court. Sec. 5. In case a verdict shall be found for the person suing out such writ, or if judgment be given for him upon demurrer, or by default, he shall recover damages and costs in like manner as he might have done in such action on the case, and a peremptory mandamus shall be granted to him without delay." And (sec. 10.) that "appeals and writs of error may be taken to the supreme court from the decisions of the circuit court on writs of mandamus, as in other cases."

The effect of the Revised Statutes was to consolidate the proceedings instituted by issuing the alternative writ of mandamus, as it existed prior to the statute of 9 Anne, and to create an action in which the alternative writ served as a declaration or complaint, and the response to the same as the plea or answer. The issues of fact joined therein were made triable by a jury, as in ordinary actions at law, and the judgment and decision of the court in the same were made reversible by appeal or writ of error, as in other cases. Having made no other provision as to the action that should be taken in order to enable the appellate courts to review the decisions of' the inferior court, those necessary for that purpose in ordinary cases become essential in this action. The adoption of the proceeding of appeal or writ of error as the mode of correcting the errors of the inferior court, as in other cases, carried with it as an incident, and made essential, the machinery necessary to put in motion and make effectual the proceeding adopted.

The "Code of Practice of Civil Cases" of this state made some changes. Defining the writ of mandamus, as treated in the chapter on "writs of mandamus and prohibition," to be "an order of a court of competent and original jurisdiction, commanding an executive or ministerial officer to perform an act or omit to do an act the performance or omission of which is enjoined by law," the code provides that writs of mandamus shall be obtained by motion, and that the applicant shall file a petition wherein he shall state the cause and ground of his application, and then give notice of his motion to the party

against whom the mandamus is sought; that the defendant shall file an answer, wherein he shall state the reason why the writ should not be granted; and that "the court shall hear and decide all questions of law or fact arising in the motion." Code Civ. Prac., §§ 516, 517, 519. Without specifying in what courts or proceedings it shall be necessary, it defines a new trial to be "a re-examination in the same court of an issue of fact, after a verdict by a jury or a decision by the court" (*id.* § 371); and provides that "the former verdict or decision may be vacated and a new trial granted, on the application of the party aggrieved," for certain causes named (*id.*); and in a subsequent chapter and section declares that "the provisions of this code shall apply to and regulate the proceedings of all the courts of this state, though not expressly enumerated" (*id.* § 796), and thereby makes the motion for a new trial necessary in proceedings for a mandamus under the same circumstances as it is in ordinary actions at law, and requires it for the purpose of filling the same office in both cases. *Aven* v. *Wilson*, 61 Ark. 287.

A motion for a new trial and a bill of exceptions are, therefore, under the statutes of this state, necessary to be filed in proceedings for a mandamus, under the same circumstances, and for the same purpose, as they are in ordinary actions.

The agreed statement of facts upon which the case before us was heard was not made a part of the record by bill of exceptions or order of the court. The reference to it in the judgment was not sufficient. *Lawson* v. *Hayden*, 13 Ark. 316; *Boyd* v. *Carroll*, 30 Ark. 527; *Smith* v. *Hollis*, 46 Ark. 17.

No motion for a new trial was filed. The agreed statement of facts did not render it unnecessary. *Smith* v. *Hollis*, 46 Ark. 17.

We cannot, therefore, notice any error, if any, committed by the court, which is made apparent only by the agreed statement of facts. An error, however, appears of record. The court, in ordering the directors of School District No. 14 (a special district including the town of Magnolia, as admitted in the proceedings) to issue a warrant, did not require or authorize them to specify the fund upon which the warrant is to be drawn. The statutes provide that all such warrants "shall

specify the fund on which they are drawn, and the use for which the money is assigned." This is necessary for the information of the county treasurer, and to prevent funds collected for a specific purpose from being misappropriated. Funds raised and set apart under the law for a specific purpose should not be used for any other. Constitution, art. 16, § 11; Sand. & H. Dig., §§ 7051, 7053, 7104. To protect such funds, the court should have ordered the directors to specify in the warrant that it should be paid out of any funds not specifically appropriated, unless there be a fund in the county treasury lawfully set apart for the payment of such warrants. In that event such fund should be specified in the warrant.

The cause is remanded, with instructions to the circuit court to amend its judgment so as to conform with this opinion.