HARRY *v.* WILLIAMS.

Opinion delivered January 31, 1916.

1. SET-OFF—JUDGMENTS—SAME TRANSACTION—EXCEPTIONS—EXTINGUISHMENT PRO TANTO.—Where appellant and appellee obtained judgments against each other growing out of the same transaction, the appellant has no right to claim his right of action against appellee, as exempt from appellee's claim against him; the two causes of action having grown out of the same transaction, one extinguishes the other *pro tanto*.

2. APPEAL AND ERROR—REVIEW OF ISSUES OF FACT—BILL OF EXCEPTIONS.—Where there was no motion for a new trial, the trial court's decision on issues of fact, can not be enquired into on appeal.

3. APPEAL AND ERROR—MOTION FOR NEW TRIAL.—A motion for a new trial is necessary where a case has been disposed of on an issue of fact after a verdict by a jury or a decision by the court. This rule is applicable to all trials at law.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

*J. B. Karnopp* and *J. E. London*, for appellant.

1. One holding a judgment against a debtor cannot have it set off against a judgment in his favor where such debtor shows that all his personalty, including such judgment is less than the amount allowed him by law as exempt. 7 N. D. 455; 66 Am. St. 670; Kirby's Digest, § 6238; 68 Ark. 497; 47 *Id.* 464; 63 *Id.* 83. Exemption laws are liberally construed; they are made to benefit the poor, and the power of the courts to offset one judgment against another can not be used to abrogate this rule where an offset would deprive one of his legal rights. 22 Am. & Eng. Enc. Law, 448 Note 3; 86 Ind. 172; 44 Am. Rep. 280; 13 Am. Dec. 729 to 731.

2. If the Williams judgment was rendered on items growing out of the *same transaction* for which he received

no credit in a former arbitration, the matter is *res judi-cata* and void.

3. No motion for a new trial was necessary. 47 Ark. 230; 93 *Id.* 382; 95 *Id.* 565; 103 *Id.* 1.

4. The schedule was filed as per § 3906 Kirby's Digest, and the judgment is exempt and not subject to set off. 23 Cyc. 1478.

*A. A. McDonald,* for appellee, filed no printed brief.

McCULLOCH, C. J.   This controversy arose in the circuit court of Sebastian County, Fort Smith District, by motion of appellee filed in that court to set off, *pro tanto,* a judgment in his favor, for the recovery of money, against a judgment for a larger amount in favor of appellant.  Both judgments were rendered in that court, and on hearing the motion the court allowed the set-off as prayed for in appellee's motion.  When the motion came on to be heard, appellant filed a schedule of his exemptions, claiming as exempt from seizure under process the judgment against appellee.  In the judgment entry, the court recited its reasons for the decision to be "that the said Cicero Harry is not entitled to claim as exempt against the judgment that said W. T. Williams holds against him, but that the said judgment be set off, they having each grown out of the same transaction and in the nature of a counter-claim, being debts and credits and the balance due being in favor of the said Cicero Harry, he is entitled only to the amount owing by W. T. Williams to him in excess of what he owes the said W. T. Williams."

It is contended on behalf of the appellant that the decision of the court was erroneous under the doctrine of this court in *Atkinson* v. *Pittman,* 47 Ark. 464, where it was held that a set-off could not be allowed where it prevented one of the judgment debtors from claiming his constitutional exemptions.  The statute provides that judgments for the recovery of money "may be set-off against each other, having due regard to the legal and equitable rights of all persons interested in

both judgments." Kirby's Digest, § 6238. In the case cited above, Pittman recoverd a judgment against Atkinson & Co. and the latter subsequently purchased a judgment rendered against Pittman in favor of one Tomlinson and sought to set-off the judgment thus purchased against the judgment in Pittman's favor.' This court decided that Pittman was entitled to claim as exempt his judgment against Atkinson & Co., and that the latter could not deprive him of his constitutional exemptions by the purchase of another judgment.

(1)   The facts in the present case, as recited by the trial court in its judgment entry, are different from those in the case just cited, and do not call for the application of the rule there announced.   Here the court found that appellee's judgment against appellant was based upon a liability which grew out of the same transaction which formed the basis of appellant's cause of action against appellee.   That being true, appellant never had the right to claim his right of action against appellee as exempt from appellee's claim against him, for the simple reason that the two causes of action having grown out of the same transaction, one extinguished the other *pro tanto.* In other words, it reduced appellant's right to recover the amount of his debt due from appellee, and never formed a part of his constitutional exemptions.

(2-3)   There was no motion for new trial filed in the case, and therefore we are not permitted to inquire into the correctness of the court's decision on the issues of fact.   That is a necessary step before a case can be brought here for review.   In *Douglass* v. *Flynn*, 43 Ark. 398, this court said: "Error of law in giving or refusing instructions to a jury is good ground for a motion for a new trial.   So, also, any error of law announced by a judge in trying law and fact, which *bears upon the finding of the facts,* would be.   But error of law announced as the basis of a judgment, or decree, upon given facts, found or admitted, would not be remedied by a new trial.   Parties are not required in such cases to importune judges for a re-consideration.   If the error appears in the record it is

sufficiently questioned by appeal." A motion for a new trial is necessary where a case has been disposed of on "an issue of fact after a verdict by a jury or a decision by the court." Kirby's Digest, § 6215. This applies to all trials at law. *School District* v. *School District,* 64 Ark. 483; *Hare* v. *Shaw,* 84 Ark. 32.

Judgment affirmed.