WATSON *v.* GATTIS.

4-3236

Opinion delivered December 11, 1933.

*Cochran, Arnett & Woolsey*, for appellant.

*G. C. Carter*, for appellee.

SMITH, J. An annual school election was held in School District No. 39 of Franklin County for the purpose of voting the school tax and of electing three school directors for the terms of one, two and three years, respectively. The election returns, including the poll books, tally sheets and ballots, were returned by the election officers to the county court, to canvass the returns and declare the result as required by act 247 of the Acts of 1933, page 778.

The tally sheets showed the following candidates for directors had received the number of votes set opposite their names: Jess Reaves, 24; C. A. Kuykendall, 26; J. R. Gattis, 28; Henry Soller, 22; Loyd Matthews, 24; Earnest Carpenter, 23. The tally sheets did not show the length of the terms for which the candidates had been voted, but on the back of the tally sheets was this notation: "Henry Soller, one year; Loyd Matthews, two years; Earnest Carpenter, three years."

The county judge made an examination of the tally sheets and of the ballots, and found that only 17 of the voters had designated on their ballots the length of the terms for which the various candidates were voted, and of these 15 had voted for Henry Soller, for one year, Loyd Matthews, for two years, and Earnest Carpenter, for three years. The county court thereupon issued certificates of election to these persons for one, two and three years, respectively, and they qualified as directors.

Thereafter Reaves, Kuykendall and Gattis filed in the circuit court a petition for a writ of mandamus against the county judge requiring him to issue certificates of election to Gattis for three years; to Kuykendall for two years, and to Reaves for one year. It was alleged that, although Reaves and Matthews had received the same number of votes, the latter was not eligible.

The circuit court made a finding, which the testimony supports, to the effect that when the balloting began it was agreed by the electors then present that the candidate receiving the highest number of votes should be regarded as having been elected for the three-year term; the one receiving the next largest number of votes should be regarded as having been elected to the two-year term, and the candidate receiving the third largest number of votes should be regarded as having been elected to the one-year term. This agreement was announced to electors who came in later, but in the afternoon a judge of the election wrote upon the blackboard in the school room where the election was being held the names of three candidates and opposite their names he wrote the terms for which they were candidates, one, two and three years, respectively, and 17 votes appear to have been cast in accordance with that notation.

It was the opinion of the circuit judge that the agreement set out above should be enforced, and that the ballots should be interpreted with reference to it, and upon that finding the county court was directed to issue certificates of election to Gattis and Kuykendall for terms of three and two years, respectively, and this appeal is from that order.

The judgment appealed from must be reversed for several reasons. In the first place, it may be said that the agreement whereby the length of the terms was made dependent upon the vote received by a successful candidate was nothing more than a "gentlemen's agreement," which the courts will not enforce, because it was in contravention of the law. Certainly, it could not bind those persons who were not parties to it and who voted as the law contemplated all the electors should do.

The law does not require that the ballots used in a school election be printed, but it does require that they be either printed or written. There is no such thing as voting orally or conditionally. Section 3 of article 3 of the Constitution requires that: "All elections by the people shall be by ballot," and the ballot itself must express the elector's will. The elector himself would not be permitted to testify that, having failed to vote specifically for any candidate for any particular term, he nevertheless intended that his ballot should express his assent that when his ballot had been counted it should be treated as having been cast for the highest candidate for the longest term, and for the next highest candidate for the next longest term.

It appears that 17 electors ignored this agreement and cast their ballots conforming to the law by designating the term for which they had voted for each candidate.

At § 77 of the chapter on Elections in 9 R. C. L., page 1062, it is said that: "It is plain, moreover, that where there are more offices than one to be voted for, ballots making no designation of the office will be insufficient for uncertainty; and where there are two officers to be elected for different terms, ballots which do not designate the terms should be rejected."

The action of the county court conformed to this view of the law, as the county court counted only those ballots which had been cast for a particular candidate for one of the definite terms of office.

The judgment must be reversed for another reason, and that is, that mandamus did not lie to control the decision of the county court, nor can it be used to correct an erroneous decision already made. The county court did not refuse to perform the duty imposed upon it by § 2 of act 247, *supra*. In fact, it had acted before the writ was prayed for or had been awarded, and, whether erroneous or not, the county court could not be compelled by mandamus to reverse its ruling. *Graves v. McConnell*, 162 Ark. 167, 257 S. W. 104. Section 30 of act 169 of the Acts of 1931, page 495, as amended by act 247 of the Acts of 1933, provided an adequate and definite remedy for the review of the alleged error of the county

court. *Automatic Weighing Co.* v. *Carter*, 95 Ark. 118, 128 S. W. 557.

The judgment of the circuit court must therefore be reversed, and the cause dismissed.