## SMITH *v.* CARTER.

### Opinion delivered February 10, 1913.

MANDAMUS—REQUIRING COURT TO REINSTATE CASE ON LAW DOCKET—APPEAL.—Where petitioner files a petition in a circuit court asking that a cause be reinstated on the law docket, and the circuit judge, after hearing the petitioner, entered a judgment refusing the prayer of the petition and dismissing it, and the petitioner excepted to the ruling of the court, the remedy of the petitioner is by appeal, and the Supreme Court will not review the judgment of the circuit court for error in the proceeding there, and for relief against it by a writ of mandamus.

Petition for mandamus. Petition denied.

#### STATEMENT OF FACTS.

The petitioner asks a mandamus from this court to compel respondent, Judge of the Eighth Judicial Circuit, to cause the circuit clerk to reinstate on the common law docket case No. 1090, wherein petitioner was plaintiff

and the Texas & Pacific Railway Company was defendant, and to compel the respondent, as circuit judge, to proceed to try said cause anew. The facts upon which petitioner asks the writ are substantially as follows:

On March 25, 1908, petitioner brought suit against the Texas & Pacific Railway Company and recovered a judgment against it in the sum of $25. After judgment was obtained in the circuit court the court adjourned for the term on the 4th day of July, 1908. On the 14th day of July, 1908, the Texas & Pacific Railway Company filed a motion for a new trial in the circuit court, alleging newly discovered evidence. The circuit court overruled the motion and the railway company appealed the case to this court, where the judgment of the circuit court was affirmed. (See *Texas & Pacific Railway Company* v. *Smith*, 91 Ark. 362-6.) This court, in affirming that judgment held that the newly discovered evidence upon which the railway company relied in that case was not relevant to any issue in the original cause, but said that "the defendant was not without a remedy," and affirmed the judgment "without prejudice to appellant's right to institute a suit in equity for relief."

On the 18th of September, 1909, the railway company brought suit in the Miller chancery court against Daniel W. Smith, asking that a new trial be granted to said company, and that Smith be restrained from collecting his judgment until the case could be heard in the circuit court. The chancery court rendered a decree in favor of the railway company, enjoining Smith from collecting his judgment unless he would give to the railway company an opportunity to submit the evidence to the jury in the original case.

On the 18th day of December, 1911, Smith filed his petition with the clerk of the Miller County Circuit Court, asking that case No. 1090 of the common law docket be redocketed and reopened in order that the case might be tried anew in the circuit court. The motion alleged that the railway company had due notice of the filing of the motion or petition. The case, on the first day of the term,

was placed by the clerk on the common law docket. The circuit court overruled the motion and entered a judgment dismissing the petition to have the case reinstated. Smith excepted to the ruling of the court, and afterward applied to this court for a writ of mandamus, setting out substantially the facts as above stated.

The respondent entered his appearance here.

*E. F. Friedell,* for petitioner.

Mandamus is the proper remedy. The writ will issue whenever the failure or refusal of officers to act in a matter in which their duty to do so is plain, and their failure to act may deprive one of a legal right. 35 Ark. 298, 299, 301; 43 Ark. 66; 45 Ark. 126.

*Glass, Estes, King & Burford,* for respondent.

Petitioner's remedy was by appeal. Mandamus will not lie for the correction of mere errors. 177 U. S. 48; 1 Ark. 11; 128 S. W. 557; 91 Ark. 231.

WOOD, J. (after stating the facts). The respondent, the circuit judge of the Eighth Circuit, did not refuse to entertain petitioner's motion to reinstate, but, on the contrary, heard the same, and entered a judgment refusing the prayer of the petition and dismissing it. The petitioner excepted to the ruling of the court, and he had his remedy, if the circuit court erred in its judgment, by appeal to this court, but he can not have this court review the judgment of the circuit court for error in that proceeding, and for relief against it by a writ of mandamus.

"A writ of mandamus indeed can not be used to perform the office of an appeal or writ of error to review the action of an inferior court, but if the court, after sufficient service of the defendant, erroneously declines to take jurisdiction of a case or to enter judgment therein, a writ of mandamus lies to compel it to proceed to a determination of the case, except where the authority to issue a writ of mandamus has been taken away by statute." *In re Grossmayer,* 177 U. S. 48. See also, *Goings v. Mills,* 1 Ark. 11; *Gilbert* v. *Shaver,* 91 Ark. 231, p. 238; *Automatic Weighing Co.* v. *Carter,* 95 Ark. 118-121.

The petition will be denied.