# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

## SNAPP v. COFFMAN.

### Opinion delivered July 5, 1920.

1. MANDAMUS—DISCRETION OF COURT.—Mandamus is not a writ of right, but is one which the courts in their discretion may issue or withhold.

2. MANDAMUS—RIGHT TO REMEDY.—A party to be entitled to a writ of mandamus must show that he has a clear legal right to the subject-matter and that he has no other adequate remedy.

3. MANDAMUS—ADEQUACY OF OTHER REMEDY.—A writ of mandamus to compel the county court to confirm a report of road commissioners allowing certain claims against the district and· levying a tax to pay them will not be granted, as the petitioners had an adequate remedy by appeal from the judgment of the county court, especially where it does not appear that the claims were ever established before the county court, as provided by law.

Appeal from Boone Circuit Court; *J. M. Shinn,* Judge; affirmed.

*Shouse & Rowland, Pace & Worthington* and *Crump & Crump,* for appellants.

The commissioners were appointed in good faith by the county court, and they qualified as a board and acted in good faith, and fraud or collusion is shown, and the parties are entitled to be paid. Act 338, § 38, Acts 1915, p. 1435. The courts should have made the order to pay the expenses incurred, and mandamus should issue under the third subd. of § 40 of act 338, Acts 1915, p. 1436.

*E. G. Mitchell,* for appellee.

The county court order was void, and all appointments of commissioners and assessors were void. Mandamus was the proper remedy. 47 Ark. 80; 113 Ark. 40;

108 *Id.* 184. See, also, 77 Ark. 101; 98 *Id.* 505; 93 *Id.* 503; 102 *Id.* 470; 114 *Id.* 359; 54 *Id.* 446; 131 *Id.* 356; 122 *Id.* 144.

The plea of *res judicata* was a good and sufficient defense. *Rinehart* v. *Rowland,* 139 Ark. 90; 106 Ark. 296. The decision is correct.

WOOD, J. On January 7, 1918, the county court of Boone County created Road Improvement District No. 1 of Boone County, Arkansas, and appointed three commissioners, who were duly organized as the board of commissioners for the district. They entered upon the discharge of their duties and continued to act as such commissioners until September 3, 1918, when the Boone Chancery Court entered a decree dissolving the district. After the board was organized and before the district was dissolved, the board employed counsel to represent the district, had assessment of benefits made and notices published as the law provided, borrowed money for the payment of preliminary expenses. August 23, 1919, the board of commissioners presented to the county court of Boone County an itemized statement of the expenses incurred before the district was dissolved. The board reported that it had entered upon its record a resolution that a tax of seven-tenths of one per cent. be collected to pay the claims presented, and prayed the county court to confirm their report and levy a tax sufficient to pay the claim. The county court refused to confirm the report and to render the judgment prayed.

Afterward the appellants, as landowners in the dissolved district, for themselves and all others interested, instituted this action in the circuit court of Boone County setting up in their complaint the facts as above stated, and prayed for a writ of mandamus to issue to the county court of Boone County, commanding the judge of that court to levy the tax prayed and for all proper relief.

The respondent, appellee here, judge of the Boone County Court, answered, and also demurred to the petition.

The cause was heard upon an agreed statement which developed substantially the above facts. Among other things it was agreed: "That the three commissioners had a contract with J. Sam Rowland and G. J. Crump as their attorneys, Rowland to receive $750 and Crump $1,000; that they have never been paid; and that their services were well worth the amount claimed. And that the other amounts specified in the exhibit to the petition for mandamus are claims for services rendered at the instance of these parties plaintiff, who claim to be acting as commissioners under order of the court, and that the amounts claimed are reasonable."

The circuit court denied the petition for the writ of mandamus and entered a judgment dismissing the petition, from which is this appeal.

Mandamus is not a writ of right, but is one which courts in their discretion may issue or withhold. A party to be entitled to the right must show that he has a clear legal right to the subject-matter and that he has no other adequate remedy. *State* v. *Board of Directors of School Dist of Ashdown,* 122 Ark. 337, and numerous other cases collated in 3 Crawford's Dig., pp. 339-40.

As stated in the above case: "Under this doctrine and the facts stated, the appellants have mistaken their remedy, and mandamus will not lie."

It does not appear from the allegations of the petition, nor does the agreed statement show, that the claims set forth had ever been established before the county court. When the county court refused to confirm the report of the commissioners, and to order the levy of taxes to pay same, this was tantamount to a final order or judgment refusing to allow the claims. Appellants could not invoke mandamus against the county court to compel it to order a levy of taxes to pay claims that had never been adjudicated and established by the court, as the law provides. Appellants had a plain and adequate remedy by appeal from the judgment of the county court refusing to allow their claims and to order the levy of taxes to pay same.

The judgment of the circuit court dismissing appellants' petition for mandamus is correct, and it is affirmed.

SMITH, J., dissenting.