WILSON *v.* DANLEY.

Opinion delivered October 13, 1924.

1. ELECTIONS—PRIMARY ELECTION CONTEST—SUFFICIENCY OF AFFIDAVIT.—The fact that an affidavit to a complaint in a primary election contest, under Crawford & Moses' Digest, § 3772, does not recite that affiants are reputable citizens, is not fatal to its sufficiency, as the jurisdictional fact is that 10 reputable citizens have made the affidavit, not the mere recital of that fact.

2. ELECTIONS—PRIMARY ELECTION CONTEST—SUFFICIENCY OF AFFIDAVIT.—An affidavit in a primary election contest which alleges that affiants are citizens of the county is *prima facie* a sufficient compliance with Crawford & Moses' Dig., § 3772, requiring affidavits of 10 reputable citizens.

3. ELECTIONS—PRIMARY ELECTION CONTEST.—Persons qualified to vote at a primary election by reason of having the required residence were eligible to make affidavit in a contest of a nomination, though they were not entitled to vote because of failure to pay their poll taxes.

4. ELECTIONS—QUALIFIED ELECTOR.—One who paid his poll tax in an adjoining county but has resided in the county of the venue for six months is a qualified elector at a primary election.

5. ELECTIONS—SUFFICIENCY OF POLL-TAX RECEIPT.—A poll-tax receipt which gave the taxpayer's postoffice but did not otherwise state his residence, *held* sufficient to identify him.

Appeal from Pope Circuit Court; *J. T. Bullock,* Judge; reversed.

*E. A. Williams,* for appellant.

The supporting affidavit was in due form. It would not have added anything to the affidavit to have alleged that the affiants were "reputable citizens." That is a matter subject to proof. See 145 Ark. 585. It is unreasonable to hold that an elector shall be deprived of his right to vote, simply because the collector failed to make out his poll-tax receipt in the exact form required by § 3777, C. & M. Digest. See 159 Ark. 199, and 160 Ark. 269.

*Ward & Caudle,* and *Hays, Priddy & Hays,* for appellee.

The reference in the statute to a reputable citizen undoubtedly means citizens of honor and good repute, not merely electors. The case relied on by appellant in 145 Ark. 585 is not in point, as there only the meaning of the word "citizen" was discussed. The papers filed by

contestant must affirmatively show every fact necessary to give the court jurisdiction. 136 Ark. 217; 148 Ark. 83; 159 Ark. 199. The poll-tax receipts of Chambers, Austin and Bradford were void under § 3777, C. & M. Digest, and they were not entitled to sign the affidavit, not being reputable citizens within the meaning of the statute. They were not even entitled to vote.

Smith, J. Appellant instituted this proceeding to contest the nomination of appellee as the Democratic candidate for county judge of Pope County. His complaint contained various allegations of fraud and illegal voting, of which appellee was the beneficiary and by means of which his nomination was effected. The complaint was verified by ten persons, and the verification reads as follows: "Come John Chambers, Emmitt Austin, W. F. Bradford, * * * (and seven other persons there named), and each for himself says that they are citizens of Pope County, Arkansas, and members of the Democratic party, and that the statements made in the foregoing complaint are true to the best of their information and belief, said statements being made under oath."

A demurrer was filed to the complaint upon the ground that it did not state a cause of action. Before passing upon the demurrer the court heard the following testimony:

John Chambers, one of the ten affiants, testified that he voted in the primary election on August 10 in Burnett Township, Pope County, in which he had resided since the preceding December. That he had previously lived in Conway County, where he had been assessed, and that he paid the taxes thus assessed against him two or three or four days after April 10, including his poll tax, the receipt for which he exhibited and which reads as follows:

"No. 2067.        Receipt for Poll Tax of 1923.    Color W

"Received this 10th day of Apr., 1924, of John Chambers, residence.................................... postoffice address Morrilton, R. F. D. No.................. , voting precinct No.............. , school district No. 34, the sum of one dollar in payment

of poll tax charged against said person in this county for the year 1923.

"(Signed) Jas. Guy Tucker, Auditor of State.

"(Signed) R. E. Bartlett, Sheriff & Collector, Conway County, Arkansas. By (signed) Mildred, D. C.

"If paid on or before Saturday next preceding the first Monday in July, 1924, will entitle the taxpayer, if otherwise qualified, to vote at any election held in this State prior to the first Monday in July, 1925."

The receipt was executed by the collector of Conway County on one of the official blanks prepared by the Auditor of State pursuant to that requirement of law.

The receipts of Austin and Bradford were also exhibited, and were substantially similar, except that they were executed by the collector of Pope County.

The receipt of Austin was executed in the name of E. Y. Austin, whereas he had signed the affidavit supporting the complaint as Emmitt Austin, but he testified that his name was Emmitt Young Austin, and that his custom was to sign his name as Emmitt Austin.

It is conceded that the names of Chambers, Austin and Bradford did not appear in the official list of voters of Pope County which the collector prepared and filed pursuant to law, and which was furnished to and used by the judges of election in holding the election, and that their receipts were not filed with the judges nor returned by the judges with the election returns, as required by § 3777, C. & M. Digest, as interpreted by this court in the case of *McLain* v. *Fish,* 159 Ark. 199.

The court below held that the complaint was not supported by the affidavits of ten reputable citizens as required by law, and dismissed the complaint on that account.

In the case of *Logan* v. *Russell,* 136 Ark. 217, it was held that the requirement of § 3772, C. & M. Digest, that the complaint in a proceeding to contest the certification of a primary nomination shall be supported by the affidavits of at least ten reputable citizens, was jurisdictional, and that if such affidavit was not filed, the proceeding would be dismissed.

It becomes necessary therefore in the instant case to determine whether the affidavit set out above meets the requirement of the statute.

It will be observed that the affidavit does not recite that the affiants are reputable citizens; but we do not think this omission fatal to the sufficiency of the affidavit. The recital that affiants, ten in number, were reputable citizens would not be conclusive of the truth of that recital. The thing which gives jurisdiction is that ten reputable citizens have signed, and not the mere recital of that fact.

In the case of *Ferguson* v. *Montgomery,* 148 Ark. 83, we held that it was essential that the affiants should be members of the party holding the contested election, but that it was not essential that the affidavit recite that fact.

In the case of *Simmons* v. *Terral,* 145 Ark. 585, we held that the word "citizen," as used in the statute, was synonymous with the word "elector," and, in reviewing that case in the *Ferguson* v. *Montgomery* case, we said: "Now the object of primary election statutes is to give the electors of recognized political parties the immediate control in the selection of their own candidates. Therefore only those who are entitled to participate in the primary were directly interested in the election and could be said to be reputable citizens or electors within the meaning of the statute."

Here the affiants each alleged that they are citizens of Pope County and members of the Democratic party, and we think this *prima facie* is sufficient compliance with the statute.

It is urged, upon the authority of the case of *McLain* v. *Fish, supra,* that affiants could not be interested persons, because their names did not appear in the published official list of qualified electors and that the evidence of their qualification, to-wit, a poll-tax receipt, was not returned by the election officers, as required by § 3777, C. & M. Digest. This requirement is that the elector whose name was omitted from the official list of voters should file the original, or a certified copy, of his tax receipt with the judges of the election, and the statute

also provided that, if they voted without complying with this statute, their ballots should not be counted.

But we are considering now the question whether the affiants were eligible to make the affidavits, and not whether their votes should be counted. They may not have sufficiently complied with the law to have their ballots counted, and yet have been entitled to vote, had they complied with the law by filing their receipts with the judges. Now, if these affiants were qualified to vote at this election, they did not forfeit their status as eligible affiants because their attempt to exercise the right to vote was abortive.

We proceed therefore to consider whether the affiants were entitled to vote. They were members of the Democratic party, and were residents of Pope County. Chambers had assessed and paid his poll tax in another county, but he had resided in Pope County for more than six months, and he had therefore resided long enough in that county to meet the requirement of the law in regard to residence. Section 1, article 3, Constitution. We think also that Emmitt Austin sufficiently identified himself as being E. Y. Austin. The affiants were therefore qualified electors if they have properly paid their poll tax.

It is earnestly insisted that affiants were not qualified electors because the receipts for the payment of their poll tax do not meet the requirements of § 3777, C. & M. Digest. It is provided in this section of the initiated act controlling contests of primary elections that "it shall be the duty of each elector at the time of the payment of his poll tax to state, and it shall be the duty of the collector to record and certify in his receipt evidencing the payment of such poll tax, the color, residence, postoffice address (rural route. town or street address), voting precinct, and school district, of such person at the time of the payment of such tax, and all poll-tax receipts not containing such requirements shall be void and shall not be recognized by the judges of election; provided, however, it shall not be necessary to state or have certified the street address of any such person in cities and towns

where the numbering of houses is not required by the ordinances thereof."

This section further provides that the Auditor of State shall have the poll-tax receipts which the law requires him to furnish to the collectors so printed as to conform to the requirements of this section.

The receipts exhibited by the affiants were executed on blanks furnished by the Auditor of State. The blank space showing residence was not filled out, but the post-office address is given. The rural route is not shown, and there may have been none. The voting precinct is not stated, but the number of the school district is given. The color of the taxpayer was not stated, but the letter "W" appears in that space, which was, no doubt, intended as an abbreviation for the word "white." The same omissions appear in all the receipts.

The evident purpose of this statute was to identify the taxpayer, so that he only, and not another, might use it as his authority for voting; and we think the collectors, in issuing these receipts, sufficiently complied with the requirements of the statute to make the receipts valid.

The word "residence" is defined in Webster's New International Dictionary as follows: "Act or fact of abiding or dwelling in a place for some time; act of making one's home in a place; as, the *residence* of an American in France or Italy for a year."

It is a matter of common knowledge that the great majority of the tax receipts are issued near the end of the time for paying taxes, and the collectors are pressed for time to serve the taxpayers, who have probably waited in line for the opportunity to pay, and the ordinary man would consider that he had sufficiently designated his residence when he had stated his post-office, and that he had sufficiently designated his voting precinct when he gave his postoffice address and the number of the school district in which he resides.

The possession of a poll-tax receipt by one liable therefor is made essential to the exercise of the duties

and rights of citizenship by Amendment No. 6 to the Constitution; and we do not think there was any intention to deprive a citizen of those rights, who had discharged the duty of paying his poll tax, because, in paying it, he had failed to have the collector fill out all blank spaces in the receipt, when they were sufficiently filled out to identify him, thereby meeting the evident purpose of the statute.

We are reenforced in this construction of the statute quoted from when we read it in connection with § 3741, C. & M. Digest, which provides: " * * * Any person liable to pay poll tax, and who has paid the same at any time within the dates named, shall, if possessed of the other qualifications required by law of an elector, be entitled to vote at any election held in this State at any time before the first Monday in July of the year succeeding that in which the payment is made."

We conclude therefore that the affiants were qualified electors and were entitled to make the supporting affidavit to appellant's complaint, and the court was therefore in error in dismissing the complaint for the want of a proper affidavit, and the judgment dismissing the cause will be reversed and the cause remanded, with directions to overrule the demurrer.