CANTLEY *v*. IRBY.

4-2822

Opinion delivered November 14, 1932.

*W. E. Rhea* and *G. B. Segraves,* for appellant.

McHANEY, J. Petitioner is the receiver of the St. Louis Joint Stock Land Bank, and respondent is the judge of the chancery court of Lawrence County. It is sought to compel, by mandamus, the respondent to appoint a receiver in certain mortgage foreclosure suits now pending in his court. In addition to the mortgage indebtedness and default in its payment, the complaints alleged that the lands were not of sufficient value to pay the amount of the judgment that should be rendered against them, and that the mortgagors were insolvent. The respondent declined to appoint a receiver or to hear any testimony in support of the above allegations, because of the provisions of § 1 of act 253, Acts 1931, p. 791. This section reads as follows: "In an action by a mort-

gagee for the foreclosure of his mortgage, and the sale of the mortgaged property, a receiver may be appointed where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt; provided, however, that no receiver shall be appointed at the instance of the holder of the mortgage where it appears that the debtor or mortgagor has mortgaged his crops, or his interest therein, for the purpose of obtaining money or supplies for the making of the crop and/or waived his rents, for said purpose, and that said mortgage debt and/or the consideration for said waiver of rents has not been repaid.''

This statute does not make it obligatory on the court to appoint a receiver, but the provision is that it ''may'' do so, except in case the mortgagor has mortgaged his crops or waived his rents to obtain money to make the crops, which is the situation in the cases now pending in respondent's court.

The writ of mandamus will not issue to control the judicial discretion of an inferior court, but only to compel an exercise of such discretion. Such has always been the rule in this court since *Gunn* v. *County of Pulaski*, 3 Ark. 427, and still is. *Miller* v. *Tatum*, 170 Ark. 152, 279 S. W. 1002. The respondent was vested with the discretion to appoint or to refuse to appoint a receiver. He exercised such discretion by refusing to appoint, and his action in so doing can be reviewed in this court only by appeal on the whole case. In this court, on a proper showing that the fruits of the litigation might be lost through delay, the case would be advanced.

Therefore petitioner had a complete and adequate remedy by appeal, and the writ of mandamus will be denied.