JACKSON *v.* COLLINS.

4-4537

Opinion delivered March 1, 1937.

*John Mayes,* for appellants.

*Sullins & Perkins,* for appellees.

SMITH, J. This appeal is from the judgment of the Washington circuit court awarding a writ of mandamus against the county judge of that county requiring that official to certify the election of J. R. Collins to the office of school director to fill a vacancy caused by the failure of G. B. Rogers, who had been elected for a full term, to qualify as required by law.

It is insisted that this judgment must be reversed because no motion for a new trial was filed, although a bill of exceptions was approved bringing up on the record the proceedings had upon the hearing of the petition for mandamus. The case of *School District No. 14* v. *School District No. 4,* 64 Ark. 483, 43 S. W. 501, is cited in support of that contention.

In the case just cited it was held, in an opinion by Justice BATTLE, that a motion for a new trial and a bill of exceptions are necessary to be filed in proceedings for mandamus under the same circumstances, and for the same purposes as in ordinary actions at law, and that the fact that there was an agreed statement of facts—as there is in the instant case—does not render it unnecessary to file a motion for a new trial. But it was also said by Justice BATTLE in that case that neither a motion for a new trial nor a bill of exceptions was necessary where error appeared upon the face of the record, and the judgment in that case was reversed for that reason although there was neither a motion for a new trial nor a bill of exceptions.

So, here, error appears upon the face of the record. It appears from the pleadings and from the orders of the county and circuit courts that a contest was instituted and heard in the county court over this office, and it was there adjudged that Collins had not been elected a school director. The petition for mandamus recites the finding of the county court that no vacancy existed which could have been filled by the election of Collins or any other person. The county court not only had jurisdiction of that proceeding, but was the only court having original jurisdiction thereof. *Ferguson* v. *Wolchansky*, 133 Ark. 516, 202 S. W. 826. No appeal was ever prosecuted from that judgment, and it, therefore, remains in full force and effect.

Ignoring this judgment, Collins and other citizens of the school district brought an original proceeding in the circuit court praying mandamus requiring the county judge to certify the election of Collins. This relief was prayed upon the theory that the returns of the school election showed the election of Collins, and that the county judge had only the ministerial duty to perform of certifying that fact to the county clerk.

The applicable statute is act No. 30 of the Acts of 1935, page 68, entitled, "An Act to Provide for the Election of School Directors, and for Other Purposes." Section 11 of this act requires the judges of the election to

count the votes, ascertain the results and make returns thereof to the county clerk. The same section further provides that "Such returns, with the ballots sealed, shall be delivered by one of the election judges to the county clerk who shall keep the ballots and returns in a safe place until the county judge canvasses the returns which shall be done within ten days after the election. The county judge shall certify the results of the election to the county clerk for record in his office, and he shall order the county clerk to notify each person elected as school director, stating in said notice the date of beginning and expiration of term of office."

If the county judge was required only to certify the result, that function was without avail. It had already been certified by the judges of election. The county judge is required to canvass the returns within ten days after the election. That duty was performed, and Collins was declared not to have been elected. It is settled law that an officer may be required by mandamus to perform the functions of his office; but it is equally as well settled that the officer's discretion in the discharge of this duty will not be controlled or directed by that writ; nor can it be used to correct an erroneous decision already made. *Watson* v. *Gattis,* 188 Ark. 376, 65 S. W. (2d) 911.

If the judgment of the county court was erroneous, it should have been corrected by appeal. We conclude, therefore, that it was error to award the writ, and that judgment will be reversed and the petition for mandamus dismissed, thus leaving in effect the original judgment of the county court.