The Chief Justice and Justice WARD join in this dissent.

SMITH v. SMITH.

5-347                                           267 S. W. 2d 771

Opinion delivered May 10, 1954.

*Clifton Wade, Beloit Taylor* and *Robert A. Leflar,* for appellant.

*Phillip S. Moyer, Rex W. Perkins, Martin K. Fulk* and *William H. Donham,* for appellee.

ED. F. McFADDIN, Justice. A constitutional question —relating to Act 348 of 1953—is posed for our decision; but we are of the opinion that any decision on the constitutional question would be premature in the present state of the record in this case. We abstract the pleadings in due order:

628

## I.

## COMPLAINT

On July 10, 1953, Luther B. Smith filed a complaint in the Washington Chancery Court against Bernice G. Smith,[1] which, omitting *only* caption and signature, reads:

"The plaintiff for his cause of action against defendant states:

"That he and the defendant were married at Hagerstown, Maryland, on the 26th day of December, 1916, and lived together as husband and wife until, on, to-wit, the 24th day of May, 1945, on which date they were separated and that they have lived separate and apart and have not cohabited since the last mentioned date—a period of more than three (3) years.

"WHEREFORE, P R E M I S E S SEEN, plaintiff prays that the bonds of matrimony now existing between plaintiff and defendant be cancelled, set aside and held for naught, and for such other and further relief to which he may be entitled."

## II.

## SPECIAL APPEARANCE AND ANSWER

Mrs. Smith—a non-resident—entered her special appearance, and, *inter alia,* said:

"The plaintiff is not now and was not at the time for the filing of the complaint herein a bona fide resident of the State of Arkansas and this Court therefore has no jurisdiction to try and determine this cause or to grant the plaintiff a divorce as prayed for in his complaint."

In the alternative, and without waiving her special appearance, Mrs. Smith alleged that she was the injured party in this divorce action, and prayed that if Mr. Smith

[1] It was conceded in the oral argument in this Court that these are the same parties as those in the case of *Smith* v. *Smith*, 219 Ark. 278, 242 S. W. 2d 350.

should be awarded an absolute divorce, then the Washington Chancery Court should award Mrs. Smith permanent alimony and also dower rights in the property of Mr. Smith. The prayer of the answer was in part:

"WHEREFORE, defendant prays:

"(1). That the complaint of the plaintiff be dismissed for want of jurisdiction and by reason of the fact that the plaintiff is not now and was not at the time of the commencement of this action a bona fide resident of the State of Arkansas, as required by the laws thereof;

"(2). Defendant, without waiving her plea to the jurisdiction of the court, and still insisting that the plaintiff is not and was not a bona fide resident of Arkansas, prays alternatively, in the event an absolute decree of divorce is granted to the plaintiff, that she be awarded such property rights in the property of the plaintiff as are fixed by the Statutes of Arkansas in favor of the wife where she is the injured party by reason of the separation complained of in the complaint, together with a reasonable allowance in favor of the defendant by way of permanent alimony."

## III.

## MOTION TO STRIKE

Mr. Smith filed a motion to strike the alternative prayer contained in the pleading above; and alleged: (a) that the last matrimonial domicile of the parties was in the State of Pennsylvania; (b) that under the law of Pennsylvania, permanent alimony could not be awarded; and (c) that under the law of Pennsylvania, Mrs. Smith was not entitled to an interest in Mr. Smith's property.[2]

---

[2] In regard to property rights, the allegation in Mr. Smith's Motion to Strike was in the following language: "That under the Statute and the case law of the State of Pennsylvania a wife granted an absolute decree of divorce by a court of that state is not entitled to receive a division of, or any portion of, her husband's property, provided, however, that the property acquired as tenants by the entireties is to be held, after an absolute decree of divorce, as tenants in common of equal one-half shares in value, and either the husband or the wife may bring a suit to have the property sold and the proceeds divided between them; . . ."

Mr. Smith claimed that under Act 348 of 1953 of the Arkansas Legislature, Mrs. Smith—even if the injured party—could receive only such alimony and property rights as were allowed her by the law of the last matrimonial domicile of the parties; and that under the law of Pennsylvania, Mrs. Smith was not entitled to any permanent alimony or property rights.

## IV.

## RESPONSE

Mrs. Smith resisted the Motion to Strike and claimed that said Act 348 of the Arkansas Legislature of 1953 was unconstitutional for several reasons,[3] among others being the claim that Section 3 of said Act violated the Equal Protection Clause of the 14th Amendment to the United States Constitution.

## THE CHANCERY ORDER

With the pleadings in the status listed, the Chancery Court heard the arguments on the Motion to Strike (no evidence was heard), and in refusing the Motion, delivered a written opinion showing much study and erudition, and held that Section 3 of said Act 348 of 1953 was unconstitutional. Thereupon, Mr. Smith gave notice of appeal to this Court, pursuant to Act 555 of 1953 and the concluding paragraph of § 27-2101 Ark. Stats. Excellent briefs have been filed by both sides in this Court on the constitutional question. The trial of the divorce action in the Chancery Court is awaiting the outcome of this appeal.

## OUR OPINION

We reach the conclusion that the Trial Court should not have proceeded to decide either questions of property rights or constitutional issues until the case had been first tried as to (a) jurisdiction of the parties; (b) cause of action; and (c) which spouse was the injured party.

---

[3] Mrs. Smith does not appear to have challenged the Act as violative of Art. 5, § 23 of the Arkansas Constitution. See *Farris* v. *Wright*, 158 Ark. 519, 250 S. W. 889.

A divorce action is one affecting the status of the parties,[4] and the State is a silent third party in every divorce action. Every court should be firmly sure of its jurisdiction before undertaking to determine the status of the parties. Under our American system, in which each of 48 states has divorce power, the decisions of the United States Supreme Court show instances in which all too frequently a divorce decree rendered in one State has been successfully attacked in another State because of lack of jurisdiction of the first State.[5] *Bona fide* residence of the plaintiff is an essential to the jurisdiction of an Arkansas court to entertain a suit for divorce; and *bona fide* residence means domicile. *Cassen* v. *Cassen,* 211 Ark. 582, 201 S. W. 2d 585; *Jenkins* v. *Jenkins,* 219 Ark. 219, 242 S. W. 2d 124, 27 A. L. R. 2d 861.

In the case at bar, the complaint—previously copied in full except for caption and signature—did not allege that the plaintiff, Mr. Smith, was a resident of this State. Sec. 34-1208 Ark. Stats. says that residence need not be alleged, *but must be proved.* Certainly, in the light of this Statute, the plaintiff in this instance should have proved *bona fide* residence before expecting the Trial Court to determine other questions.

Our Statute on property rights in divorce actions is § 34-1214 Ark. Stats. Prior to Act 348 of 1953 and also in the 1953 Act, the Statute provides that "In every final judgment for divorce, . . .", the Court shall adjudicate the property rights. Those prefatory words—"In every final judgment for divorce"—mean something: they mean that it is not until the Court makes the final judgment in the divorce action that property rights are to be adjudicated. Those prefatory words mean that it is not until questions have been settled in regard to jurisdiction of the parties, the cause of action, and the determination of which is the injured party—it is not until that stage of the proceedings—that the Court de-

termines property rights and decides for or against permanent alimony. Yet in the case at bar, the parties persuaded the Trial Court to hurdle all these essentials of (a) jurisdiction, (b) cause of action, and (c) determination as to injured party, and pass on a constitutional question involving property rights and alimony, entirely outside of the orderly course of procedure. To use a well understood and homely expression, the parties persuaded the Trial Court to "put the cart before the horse".

Why is it important that jurisdiction, cause of action, and determination of which spouse is the injured party, should first be made? The answer is simple. Suppose we should decide the constitutional question presented and the plaintiff should be displeased with the decision. Then he could dismiss his cause of action and go elsewhere, and we would have decided a case that one party could render moot. Suppose on trial the plaintiff failed to prove a cause of action, or that the defendant, Mrs. Smith, should be found to be the guilty party: then in either such event, a decision on the constitutional question of property rights would become dictum and the adjudication would be moot. It has long been the rule in this jurisdiction that we do not pass on constitutional questions except where such decision is necessary to the determination of the case. *Holt* v. *Howard*, 206 Ark. 337, 175 S. W. 2d 384; *Rowland* v. *Rogers* 199 Ark. 1041, 137 S. W. 2d 246; and other cases col lected in West's Arkansas Digest, "Constitutional Law" § 46. Certainly no such necessity exists in the case at bar: on the contrary, orderly procedure demonstrates that the constitutional question has not yet been reached. In the oral argument it was conceded by appellant that this is not a proceeding brought under the declaratory judgment law—Act 274 of 1953.

Appellant claims that the Motion to Strike is appealable under the concluding paragraph of § 27-2101 Ark. Stats., the germane portion of which reads:

"Whenever the decision of any motion . . . in any of the inferior courts of this State, involves the

constitutionality of any law of this State . . . then an appeal shall lie . . . from such decision . . . to the Supreme Court.''[6]

In claiming that the above Statute is not governing, the appellee cites us to the case of *State* v. *Greenville Stone & Gravel Co.*, 122 Ark. 151, 182 S. W. 555; but we do not reach the question of appealability for the same reason that we do not reach the question involving the constitutionality of Act 348 of 1953.

Our decision in this case is, that the Trial Court should not have decided questions of alimony and property rights and constitutional issues until those questions had been reached in the orderly procedure, as hereinbefore indicated. Therefore we dismiss the appeal without prejudice, and remand the cause to the Chancery Court with directions that further procedure, if any be desired by the parties, be in accord with the views herein expressed. The costs are taxed against the appellant.

Justice ROBINSON concurs.

Justices HOLT, MILLWEE and WARD dissent.

SAM ROBINSON, Associate Justice, concurring.

In my opinion it is a matter of discretion with the trial court as to when motions, petitions, etc., will be considered. However I concur in the result reached here for the reason that the order of the court holding § 3 of Act 348 of 1953 unconstitutional is not a final order from which an appeal will lie.

In *Wicker* v. *Wicker, ante* page 219, 265 S. W. 2d 6, we said: ''The order overruling the motion to dismiss was not a final judgment from which an appeal will lie. If this court should at this time sustain the Chancellor's order overruling the motion to dismiss, the case would still stand for trial on its merits. Meantime the defendant may file some other motion. An appeal cannot be taken from an order of a chancery court which is not a final order.''

---

[6] A typographical error appears in this Section in Ark. Stats.: the last word of the Section is *"hereby"* instead of "thereby".

634

*State* v. *Greenville Stone & Gravel Co.,* 122 Ark. 151, 182 S. W. 555, is directly in point, and it is there said: "We have reached the conclusion that, under the fourth subdivision, no appeal will lie from a decision of the lower court on any motion, even though it involves the constitutionality of any law of this State, unless the decision is a final order or judgment of the court . . . To hold otherwise would lead to interminable confusion in our decisions and to innumerable appeals from interlocutory orders not decisive of the final rights of the parties, and would thus thwart the very purpose of the law."