LAMBERT *v.* LAMBERT.

5-1631                                    316 S. W. 2d 822

Opinion delivered October 20, 1958.

534

*Lester E. Dole, Jr.*, for appellant.

*James M. Rowan, Jr.*, for appellee.

SAM ROBINSON, Associate Justice. This is a divorce suit. Appellant, Bernadette Lambert, and appellee, Robert W. Lambert, were married in the State of Rhode Island in 1942. The parties have one child, Suzanne, born August 18, 1946. In August, 1954, Mr. Lambert, who worked for the American Paper and Tube Company, was transferred to Port Gibson, Mississippi. Later he was joined in Mississippi by his wife and daughter. On September 12, 1955, Mrs. Lambert and Suzanne left Mississippi and returned to Rhode Island. A few days thereafter, on September 23, 1955, Lambert filed suit for divorce in the chancery court of Claiborne County, Mississippi. He alleged in his complaint that "without just cause or any fault on the part of complainant, the defendant, Bernadette Lambert, departed Port Gibson and returned to her home in Woonsocket, Rhode Island." Mr. Lambert also alleged that Mrs. Lambert had treated him "in an habitual cruel manner", naming the particulars of such alleged treatment. Mrs. Lambert answered, denying the allegations of the complaint, and filed a cross complaint in which she asked for separate maintenance. A trial was had upon the issues joined. Lambert's complaint was dismissed and Mrs. Lambert was granted separate maintenance on her cross complaint.

On September 8, 1957, Lambert filed the present suit for divorce in the chancery court of Ouachita Coun-

ty, Arkansas. As grounds for divorce he alleged desertion and indignities. Mrs. Lambert answered, denying those allegations of the complaint setting out grounds for divorce, and she asserted the affirmative defense of *res judicata*. It was stipulated by the parties in open court that all matters of personal indignities were *res judicata*. The court granted Mr. Lambert a divorce on the ground of desertion, and Mrs. Lambert had appealed.

Appellant raises several points, among which is that the issue of desertion is *res judicata*. We agree with appellant in that respect and reach only that point. Although in the Mississippi case Lambert did not allege desertion as a statutory ground for divorce (the parties had been separated only about ten days when suit was filed), he did allege that Mrs. Lambert had deserted him without just cause. The record of all the evidence in the Mississippi case was introduced in the trial of the present action. It can be seen that one of the most vigorously contested issues in that case was whether Mrs. Lambert left Mississippi and returned to Rhode Island because of ill treatment by Lambert, or whether she deserted him without just cause, and the chancellor's decree was in favor of Mrs. Lambert. A finding in favor of the wife in a separate maintenance action is not necessarily a finding that the husband has no grounds for divorce. *Hill* v. *Rowles, Chancellor,* 223 Ark. 115, 264 S. W. 2d 638. But here the issue of whether Mrs. Lambert deserted her husband without just cause in September, 1955, was stoutly contested in the Mississippi court. In Mississippi a wife will be denied separate maintenance where she has deserted her husband without just cause. *Wilson* v. *Wilson,* 198 Miss. 334, 22 So. 2d 161. Therefore, in granting Mrs. Lambert separate maintenance the Mississippi court must have concluded that she was no deserter. Especially is this true, since the very question of whether she deserted her husband was an issue in the case. Hence the only issue in the case at bar—that is, whether Mrs. Lambert deserted her husband —is *res judicata*.

If Mrs. Lambert did not desert her husband, within the meaning of that term as applied to a divorce action, in September, 1955, she has not deserted him at any time. Because the wife leaves her husband does not necessarily mean that she has deserted him. In *Wickliff* v. *Wickliff*, 191 Ark. 411, 414, 86 S. W. 2d 553, the court said: "... where a spouse intentionally brings the cohabitation to an end by misconduct which renders the continuance of the marital relations so unbearable that the other leaves the family home, the former, and not the latter, is the deserter."

Appellee attempts to make a point of the fact that appellant's answer was not filed within the time prescribed by Ark. Stats. § 27-1135. His brief contains no citation to the record wherein the point was raised in the lower court. The designation of contents of record on appeal does not designate any motion or pleading wherein the issue was raised. This is not a matter that can be raised for the first time on appeal.

Since Mr. Lambert's alleged cause of action, desertion, is *res judicata,* that part of the decree granting a divorce must be reversed. It is so ordered.