KAROLEY v. REED, CHANCELLOR.

5-2407                                          345 S. W. 2d 626

Opinion delivered May 1, 1961.

*B. W. Thomas* and *Richard W. Hobbs,* for petitioner.

*U. A. Gentry,* for respondent.

PAUL WARD, Associate Justice. Mary E. Karoley (the petitioner herein) filed a complaint on·November 17, 1960, in Chancery Court to force payment of certain definite amounts provided for in a written "Agreement" executed by her and John D. Reid on November

13, 1951. The provisions of the Agreement are fully set out in *Karoley* v. *Reid,* 223 Ark. 737, 269 S. W. 2d 322, to which case reference is made for the factual background leading up to this litigation.

To the above mentioned complaint Reid filed a Motion to have the cause transferred to the Circuit Court. Among other things the Motion stated that "the complaint shows on its face that it is a suit to recover payments alleged to be due under a written contract which is cognizable in a Court of Law."

In response to the above Motion the complainant contended that Chancery Court had "power to decree specific performance of a personal obligation to pay a sum of money due under a contract . . . based upon . . . future support and maintenance of an individual." (Taken from the record.)

The Chancellor, after presentation of briefs, sustained Reid's Motion, and ordered the cause transferred to Circuit Court.

On February 3, 1961, Mary E. Karoley petitioned this court to issue a Writ of Mandamus to the Chancellor (the respondent here) "compelling and directing him to set aside his order of transfer . . . and compelling him to assume jurisdiction of this cause."

Petitioner apparently admits, and correctly so, that if, in refusing jurisdiction, the Chancellor acted within his discretion the writ should be denied. She says, however, that the Chancellor had no discretion since only a question of law was presented to him.

We have concluded that the writ must be denied for the reasons set out hereafter.

In the first place the petitioner has not set out in full or abstracted the pleadings and so we are in no position to determine whether the Motion to Transfer presented to the Chancellor purely a question of law, or whether it presented a question based on both law and fact. The importance of this information was empha-

540

sized in *Gilbert* v. *Shaver,* 91 Ark. 231, 120 S. W. 833. There, in considering a similar question, the court said: "In the case before us the determination of the jurisdiction of the court did not depend upon the finding of facts . . . The jurisdiction of the court was purely a question of law," as set forth in the pleadings. This court has frequently refused to explore the record in the absence of an abstract.

If the Chancellor, in transferring to the Circuit Court, acted within his discretion, mandamus will not lie. This well established rule is succinctly stated in *Arkansas General Utilities Company* v. *Smith,* 188 Ark. 413, 66 S. W. 2d 297, where it is stated: "Either the chancery court or the circuit court may, within its judicial discretion, determine whether it has jurisdiction, and this judicial discretion will not be controlled by mandamus."

Moreover, and in addition to what we have heretofore said, the writ must be denied because the petitioner has not exhausted her remedy at law. She could have pursued her cause in the Circuit Court, saving her objections to the transfer. If the Circuit Court had refused jurisdiction, then mandamus to this court would lie. Following the above quote in the *Smith* case the court said: "Of course, if neither the chancery court nor the circuit court would assume jurisdiction, then the writ will be issued to compel either the chancery court or the circuit court to assume jurisdiction, . . ." On the other hand, if the Circuit Court accepts jurisdiction and the petitioner is aggrieved by the result of a trial therein, she has her remedy by appeal. This remedy was clearly set forth in the case of *Automatic Weighing Company* v. *Carter,* 95 Ark. 118, 128 S. W. 557. There, the cause of action was transferred by the Circuit Court to the Chancery Court, and petitioner sought, as in this case, a Writ of Mandamus. In denying the writ, the court said: "The chancery court may, within its judicial discretion, determine that it should entertain jurisdiction of this case. If it does so, and shall make an order or judgment therein which is appealable, then the petitioner has the

remedy of appeal or writ of error, if it shall believe that it is aggrieved by such decision, and upon such appeal to have the order of transfer reviewed.''

It is our conclusion therefore from what we have heretofore said the writ must be, and it is hereby, denied.

Denied.