Mobley *v.* Scott, County Judge.

5-2905                                                 365 S. W. 2d 122

Opinion delivered February 25, 1963.

[Rehearing denied March 18, 1963.]

*Phillip H. Loh,* for appellant.

*Nathan Gordon* and *Felver A. Rowell, Jr.,* for appellee.

Ed. F. McFaddin, Associate Justice. The appellant, as a citizen and taxpayer, filed a petition in the Conway Circuit Court praying for a writ of mandamus against ''The Conway County Court and its Judge, Tom Scott,'' as sole defendant.

The petition for mandamus, along with the amendment thereto, alleged: that the Collector of Conway County in transcribing and certifying the list of persons who paid poll tax, failed to include with the name of the poll tax payer his residence, post office address, voting precinct, and school district, all of which information is required by § 3-227 Ark. Stats.; that the County Clerk likewise failed in the same particulars; and that the Morrilton Headlight, in printing the list of poll tax payers, likewise failed in the same particulars. The petition alleged that § 3-227 Ark. Stats. ''makes it mandatory upon the County Court to enforce the provision of said Act by deducting sums from the Collector for errors made in transcribing and certifying poll tax receipts . . . and the defendant refuses to assess and withhold penalties

from sums due the collector of Conway County." The prayer of the petition was: "Plaintiff prays a writ of mandamus from this Court to require the defendant to comply with the laws of Arkansas § 3-227 Ark. Stats."; and the prayer of the amendment was for an order "to compel the defendant to enforce such statute (§ 3-227 Ark. Stats.) by collecting the penalties owed by the Collector, Clerk, and printer for the errors committed by them."

To the petition and amendment the defendant filed a demurrer,[1] and also a motion to dismiss. The Court reserved decision on these two defensive pleadings until the plaintiff had offered all desired evidence; and then the Court overruled the defensive pleadings, held that the plaintiff's proof was insufficient to grant the prayed relief, and dismissed the complaint.

From that adverse judgment the plaintiff, as appellant, brings this appeal, and urges a threshold question, which is that the defendant did not file an answer within the time provided by § 33-107 Ark. Stats., and the Trial Court should have granted the plaintiff the prayed injunction because of defendant's default. There are several answers to this threshold question. In the first place, § 33-107 Ark. Stats. says that if no answer be filed, then "upon a proper showing suitable relief shall be speedily granted." Even in the absence of an answer, the burden was on the plaintiff to make a "proper showing"; and that presented the question of the sufficiency of the plaintiff's evidence. In the second place, this question of a claimed default was never mentioned in the Trial Court and cannot be raised here for the first time. See *Lambert* v. *Lambert,* 229 Ark. 533, 316 S. W. 2d 822. A third and equally conclusive answer to the appellant's contention on this default matter is that defendant was not in default. The original petition for mandamus was filed on June 12, 1962, and the amendment a few days later; on June 20, 1962, the defendant filed the demurrer and also the motion to dismiss. These defensive

---

[1] The demurrer claimed: (1) the complaint and amendment failed to state a cause of action; (2) an absence of jurisdiction; and (3) a defect of parties.

pleadings were filed in ample time and were not disposed of until the final judgment herein, so the defendant was never in default as regards defensive pleadings.

The main insistence of the appellant is that he introduced the printed list containing the names of the poll tax payers of Conway County for the year 1961 (legal voters from October 1, 1961 to September 30, 1962); that such list[2] shows only the name and color of the voter and the township in which he resides; and that the list does not even purport to give the other information required by § 3-227 Ark. Stats., that is, it does not give the residence, post office address, and school district of each voter. In the course of the trial the appellant undertook to show errors and duplications in the printed list as filed, but was prevented from doing so by the ruling of the Trial Court that the proffered evidence was hearsay. We find no error in the Trial Court's ruling in the hearsay matter.

We come, then, to the real insistence of the appellant, which is that the County Court and Judge thereof should be required by mandamus to enforce the provisions of § 3-227 Ark. Stats. To this issue the appellee presents here a series of answers:

(1) The appellee claims that the provisions of § 3-227 Ark. Stats. are contrary to Amendment No. 8 of the Arkansas Constitution, as construed in such cases as *Wilson* v. *Danley,* 165 Ark. 565, 265 S. W. 358; *Henderson* v. *Gladish,* 198 Ark. 217, 128 S. W. 2d 257; and *Wilson* v. *Luck,* 201 Ark. 594, 146 S. W. 2d 696. We forego any discussion of the appellee's contention on this point because a case is not to be decided on constitutional issues if it can be decided on any other issue, as this one can. *Holt* v. *Howard,* 206 Ark. 337, 175 S. W. 2d 384; *Smith* v. *Smith,* 223 Ark. 627, 267 S. W. 2d 771.

(2) The appellee urges that § 3-227 Ark. Stats. was repealed by § 3-118 Ark. Stats. Likewise, we forego any discussion of this second point urged by appellee because

[2] It is apparent that the printed list as filed was prepared in conformity with § 3-118 Ark. Stats., rather than in conformity with § 3-227 Ark. Stats.

there is no need to consider the question of repeal of statutes, since this case can be decided on the remaining issue.

(3) The third point urged by the appellee is that the Trial Court should have sustained the defendant's demurrer to the complaint because the complaint did not state facts sufficient to constitute a cause of action; and it is on this point that we rest our affirmance of the Trial Court's decree, even considering all the evidence that was introduced in the case. This is because the Trial Court reached the correct result, even on an erroneous theory. When the decision of the Trial Court is correct, it will be sustained when supported by principles of law thought by the Trial Court not to obtain. *State* v. *Gus Blass Co.*, 193 Ark. 1159, 105 S. W. 2d 853; *Gage* v. *Ark. Central*, 160 Ark. 402, 254 S. W. 665; and *Polk* v. *Stephens*, 126 Ark. 159, 189 S. W. 837.

The plaintiff's entire case was based on the provisions of § 3-227 Ark. Stats., which relates to the certified list of poll tax payers. That statute says that such list shall contain, *inter alia,* the name of the poll tax payer, and also the ". . . residence, post office address, school district, and voting precinct"; and the § 3-227 further says: "For each error rendering void the poll tax receipt in the transcribing, certification, or printing of the names, color, residence, post office address, school district, or voting precinct . . . the collector, clerk, or printer making the same shall be assessed the sum of $1.00, which sum or sums shall be deducted from any sums due such officer or printer from the County when settlements are made with such officer or printer, *and the enforcement hereof is made mandatory upon the County Court.*" (Emphasis supplied.) It is solely because of the italicized language that the plaintiff filed this mandamus action in the Circuit Court; and we hold that the plaintiff misconceived his remedy.

The fact that the statute said that it was *"mandatory upon the County Court"* does not mean that mandamus from the Circuit Court is the proper remedy. "Mandatory" means "obligatory", as opposed to "di-

rectory." The plaintiff, as a citizen and taxpayer, should have appealed from any order of the County Court wherein the County Court failed to follow the statute relied on by the plaintiff. Mandamus cannot be used to correct an erroneous decision already made. *Jackson* v. *Collins,* 193 Ark. 737, 102 S. W. 2d 548. Mandamus does not issue where there is any other adequate remedy. *Snapp* v. *Coffman,* 145 Ark. 1, 223 S. W. 360; and *Ghent* v. *State,* 189 Ark. 747, 75 S. W. 2d 67. Mandamus will not be granted where there is a remedy by appeal. *Cantley* v. *Irby,* 186 Ark. 492, 54 S. W. 2d 286; *Mance* v. *Mundt,* 199 Ark. 729, 135 S. W. 2d 848; and *Karoley* v. *Reed,* 233 Ark. 538, 345 S. W. 2d 626. Mandamus is not a writ to control the discretion of an inferior tribunal. *Nixon* v. *Grace,* 98 Ark. 505, 136 S. W. 670; *Cantley* v. *Irby,* 186 Ark. 492, 54 S. W. 2d 286; *Karoley* v. *Reed,* 233 Ark. 538, 345 S. W. 2d 626; *Jackson* v. *Collins,* 193 Ark. 737, 102 S. W. 2d 548.

Since mandamus was not proper in this case, we affirm the judgment of the Trial Court dismissing the plaintiff's complaint.