LILLA D. BURKS V. RICHARD MOBLEY

5-4623                                    430 S.W. 2d 859

Opinion delivered September 3, 1968

*Guy H. Jones* and *Phil Stratton* for petitioner.

*Henry & Henry* and *Clark, Clark & Clark* for respondent.

JOHN A. FOGLEMAN, Justice.    Petitioner seeks a writ of mandamus directing the Chancery Court of Faulkner County to reinstate on its docket two cases previously dismissed.

The first case (No. 10122) was filed by petitioner, individually, on September 21, 1967, against her step-daughter, Mrs. W. N. Daniel, and The First National Bank of Conway. As the surviving spouse of R. H. Burks, she sought to recover a bank account through this action. After service was had upon Mrs. Daniel in Pulaski County and upon the bank in Faulkner County, the trial court sustained Mrs. Daniel's motion to quash service. It then considered a motion to quash service by the bank as a demurrer, which it also sustained, and dismissed the complaint. The order of dismissal was made on February 2, and filed February 9, 1968. No appeal was taken from that order.

On February 5th, petitioner filed the second suit (No. 10203). This suit was brought as administratrix of the estate of her deceased husband (appointed September 22, 1967) against her step-daughter only. In this action she sought to recover the proceeds of the same bank account. The defendant's motion to quash service was granted because she was served in Pulaski County, and this suit was dismissed on March 1, 1968.

This petition was filed March 14, 1968. We deny the writ as to both cases.

The order of dismissal in both cases was a final order from which an appeal could have been taken. A final order entered after service is quashed is appealable. *Harlow* v. *Mason,* 117 Ark. 360, 174 S.W. 1163. An order dismissing a complaint after a demurrer has been sustained is also appealable. *Fox* v. *Pinson,* 177 Ark. 381, 6 S.W. 2d 518.

Mandamus will not be granted where there is a remedy by appeal. *Mobley* v. *Conway County Court,* 236 Ark. 163, 365 S.W. 2d 122; *Snapp* v. *Coffman,* 145 Ark. 1, 223 S.W. 360; *Cantley* v. *Irby,* 186 Ark. 492, 54 S.W. 2d 286. Nor can it be used to correct an erroneous decision already made. *Mobley* v. *Conway County Court, supra; Jackson* v. *Collins,* 193 Ark. 737, 102

S.W. 2d 548; *Watson* v. *Gattis,* 188 Ark. 376, 65 S.W. 2d 911.

The court's determination on the motion to quash and on the dismissal of the action in both cases was a judicial decision. Under such circumstances, this court will not issue a writ of mandamus requiring the trial court to redocket the cases. *Chavis* v. *Golden,* 226 Ark. 381, 290 S.W. 2d 637; *McBride* v. *Hon,* 82 Ark. 483, 102 S.W. 389.

Since petitioner permitted the time for appeal to expire in Case No. 10122, she could not be entitled to a writ of mandamus in that case in any event. *Chavis* v. *Golden, supra; Calloway* v. *Harley,* 112 Ark. 558, 166 S.W. 546. Even though the time for appeal of Case No. 10203 had not expired when the petition herein was filed, the writ cannot be granted because it cannot be used to perform the functions of an appeal. *Rolfe* v. *Spybuck Drainage Dist. No.* 1, 101 Ark. 29, 140 S.W. 988.

Petitioner contends that the trial court has erroneously declined to take jurisdiction in both cases, but, the writ can only be issued to require the court to entertain jurisdiction where the aggrieved party has no specific or adequate remedy by appeal. *Smith* v. *Carter,* 107 Ark. 21, 154 S.W. 951; *Automatic Weighing Co.* v. *Carter,* 95 Ark. 118, 128 S.W. 557; *Gilbert* v. *Shaver,* 91 Ark. 231, 120 S.W. 833.

The petition is denied.